# EXHIBIT 1

# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

| | |
|---|---|
| Vikram Bhatia, D.D.S., et al., on behalf of themselves and all others similarly situated,<br><br>            Plaintiffs,<br><br>v.<br><br>3M Company,<br><br>            Defendants. | Case No. 0:16-cv-01304-DWF-DTS |

# STIPULATION OF SETTLEMENT

# TABLE OF CONTENTS

I. DESCRIPTION OF THE ACTION ................................................................ 1

II. BENEFITS OF SETTLEMENT TO THE PLAINTIFF CLASS ................... 2

III. DEFENDANT'S DENIALS OF WRONGDOING AND
REASONS FOR SETTLEMENT .................................................................. 3

IV. TERMS OF THE AGREEMENT .................................................................. 4

    A. Definitions ................................................................................. 4

    B. The Court's Order Preliminarily Approving
The Settlement ........................................................................ 11

    C. Judgment To Be Entered By The Court Approving The
Settlement ............................................................................... 15

    D. Use of The Settlement Fund and Notice and Settlement
Administration ........................................................................ 16

    E. The Fee and Expense Application ............................................ 25

    F. Conditions of Settlement; Effect of Disapproval;
Cancellation and Termination ................................................. 26

    G. Miscellaneous Provisions ........................................................ 28

<u>EXHIBITS</u>

Exhibit A:      Order Preliminarily Approving Settlement

Exhibit A-1:  Notice of Class Action Determination, Proposed Settlement, and Hearing Thereon

Exhibit A-2:  Supplemental Notice

Exhibit A-3:  Claim Form

Exhibit A-4:  Supplemental Claim Form

Exhibit A-5:  Plan of Distribution

Exhibit B:      Order for Final Judgment

## STIPULATION OF SETTLEMENT

This Stipulation of Settlement ("Stipulation" or "Settlement") is made as of March 25, 2019, by and among the following parties, as hereinafter defined: (1) the Class Representatives, on behalf of themselves and the Class, by and through Class Counsel in this Action;[1] and (2) 3M Company ("Defendant"), by and through its attorneys in this Action.  The Class Representatives and Defendant are the "Parties."

## I.   DESCRIPTION OF THE ACTION

In 2016, eight putative class actions brought by dentists and/or dental practices were commenced against Defendant in the United States District Court for the District of Minnesota (the "Court") or were commenced in other jurisdictions and transferred to the Court. The Court consolidated the actions as File No. 0:15-cv-01304-DWF-DTS (the "Action"). In their Consolidated Complaint filed on January 4, 2017, 39 dentists and/or dental practices alleged 70 claims against Defendant relating to Defendant's manufacture and sale of a dental restorative product known as Lava Ultimate CAD/CAM Restorative ("Lava Ultimate"). As of June 12, 2015, Defendant ceased selling Lava Ultimate for use as crowns.

The Consolidated Complaint alleges that Lava Ultimate was defective; that it did not perform as warranted and/or represented when used to fabricate and seat dental crowns; that plaintiffs' patients experienced an unusually high rate of debonds with Lava Ultimate

---

[1]  All terms with initial capitalization not otherwise defined herein shall have the meanings ascribed to them in ¶IV(A) herein.

1

crowns; and that the problems with Lava Ultimate crowns caused increased expenses and other damages to plaintiffs.

Defendant moved to dismiss the Consolidated Complaint. By Memorandum Opinion and Order entered on March 1, 2018, the Court granted Defendant's motion in part and denied it in part. Defendant filed an Answer to the surviving allegations of the Consolidated Complaint that denied all liability and raised various affirmative defenses.

While Defendant's motion to dismiss was pending before the Court, the Parties began to discuss settlement. To facilitate discussions, the Parties voluntarily exchanged key documents and other information relating to Plaintiffs' claims and Defendant's defenses. The Parties engaged retired United States Magistrate Judge Arthur J. Boylan as a private mediator, and participated in five mediation sessions that occurred over a nine-month time period. At the last mediation session, and with the assistance of Judge Boylan, the Parties reached an agreement in principle to settle the Action on the terms provided in this Stipulation.

The Parties have agreed to defer discovery and other proceedings in this Action until the Court can consider the Settlement described in this Stipulation.

## II.    BENEFITS OF SETTLEMENT TO THE CLASS

The Class Representatives and Class Counsel believe the claims asserted in this Action have merit. However, the Class Representatives and Class Counsel recognize that the expense and length of the additional proceedings necessary to prosecute the Action against Defendant through discovery, class certification and other motion practice, trial, and possible appeals, is considerable, and therefore, that resolution is an appropriate and

2

reasonable means of ensuring that the Class is afforded important benefits and protections as expeditiously as possible. Class Counsel have also taken into account the uncertain outcome and the risk of further litigation, including in class action cases such as this Action, as well as the difficulties and delays in such litigation. In light of the foregoing, the Class Representatives and Class Counsel believe that the Settlement set forth in this Stipulation confers substantial and immediate benefits upon the Class. Class Representatives and Class Counsel have also determined that the terms set forth in this Settlement are fair, reasonable, adequate, and in the best interests of the Class.

## III. DEFENDANT'S DENIALS OF WRONGDOING AND REASONS FOR SETTLEMENT

Defendant has denied and continues to deny each and all of the claims and contentions alleged in the Action. Defendant repeatedly has asserted, and continues to assert, many defenses thereto, and has expressly denied and continue to deny any wrongdoing or legal liability arising out of any of the conduct alleged in the Action. Nevertheless, Defendant has concluded that the further conduct of the Action against it would be protracted and expensive. Substantial amounts of time, energy and resources have been and, unless this Settlement is made, will continue to be devoted to the defense of the claims asserted in the Action. Defendant also has considered the fact that plaintiffs in the Action and other members of the Class are its valued customers. Defendant also recognizes that there are risks attendant in any litigation. Defendant has, therefore, determined that it is desirable and beneficial to it that the Action be settled in the manner

3

and upon the terms and conditions set forth in this Stipulation to eliminate the burden and expense of further protracted litigation.

## IV.    <u>TERMS OF THE AGREEMENT</u>

**NOW, THEREFORE,** it is hereby stipulated and agreed, by and among the undersigned Parties, that the Action shall be settled, subject to the approval of the Court pursuant to Fed. R. Civ. P. 23(e), upon and subject to the following terms and conditions:

### A.    <u>Definitions</u>

1.    "Action" means the above-captioned action.

2.    "Administrative Expenses" means: (a) the costs, fees and expenses that are incurred by the Claims Administrator in connection with providing notice to the Class and administering the Settlement, including but not limited to the claims process; (b) the costs, fees, and expenses that are incurred by retired Magistrate Judge Arthur J. Boylan; (c) fees and expenses incurred in connection with the Escrow Account; (d) Taxes; and (e) the out-of-pocket expenses incurred by Class Counsel in connection with determining the amount of, and paying, any Taxes (including, without limitation, expenses of tax attorneys and accountants).

3.    "Authorized Claimant" means a person or entity who has been identified from Defendant's records as being a Class Member, or a Class Member who submits a Claim Form and/or Supplemental Claim Form to the Claims Administrator that is approved for payment pursuant to any of the Class Distribution Orders provided for in ¶IV(D)(18).

4.    "Bar Date" means the date that the Notice is mailed to Class Members.

4

5.     "Claim" means a submission by a Class Member on the Claim Form and/or Supplemental Claim Form.

6.     "Claimant" means a person or entity who submits a Claim Form and/or Supplemental Claim Form.

7.     "Claim Period" means the period ending on the Bar Date.  Class Members may submit a Claim Form for full or partial debonds that their patients experienced, and that the Class Member repaired or paid to have repaired on or before the Bar Date.

8.     "Claims Administrator" means BrownGreer PLC.

9.     "Class" means all dentists or dental practices in the United States, Commonwealth of Puerto Rico, U.S. Virgin Islands, and Guam who purchased 3M's Lava Ultimate Restorative, applied the product as a dental crown, and had patients who experienced one or more full or partial debonds on or before June 15, 2020.  Excluded from the Class are dentists and dental practices (a) who exclude themselves in accordance with Court order, or (b) who released their claims against Defendant in connection with private individual settlements.

10.     "Class Counsel" means the law firms of Gustafson Gluek PLLC and Burns Charest LLP.

11.     "Class Distribution Orders" means orders entered by the Court authorizing and directing that the Net Settlement Fund be distributed, in whole or in part, to Authorized Claimants.

12.     "Class Member(s)" means a member of the Class.

13.    "Class Representatives" means Angela Ferrari, D.D.S., Angela M. Ferrari, D.D.S., Inc., Edward Shapiro, D.D.S., Pacific Holistic Dental, Inc., Jerry Yu, D.D.S., Jerry Yu Dental Corp. d/b/a Grand Avenue Smiles, James Lewis D.M.D., James C. Lewis, D.M.D., P.A., Lazaro Fernandez, D.D.S., Lazaro Fernandez, D.D.S., P.A., d/b/a Fernandez Dental Center-Miami Lakes Fernandez Dental Office, Vikram Bhatia, D.D.S., Jeffrey Chen, D.D.S., Brookhaven Dental Associates, P.C., Johns Creek Dental Associates, P.C., Justin Ebersole, D.D.S., Parsons Dental Care, LLC, Mike Henrickson, D.D.S., Dr. Myron Henrickson, Henrickson Dental PLC, Mary Gadbois, D.D.S., Cherry Hill Dental Associates, Inc., Dominick Lembo, D.M.D., Dr. Dominick Lembo, D.M.D., P.C. d/b/a Belmont Dental Associates, Jonathan Banker, D.D.S., Banker Dental Associates, P.A., Dr. Timothy Rauch, D.D.S., Desert Ridge Dental, Anthony J. Peppy D.D.S., Samuel Peppy D.D.S., Peppy Dental, Paul Bookman, D.M.D., Bryn Mawr Dental Associates, LTD, David Dudzinski, D.D.S, D&N Dental PLLC d/b/a Creekview Dental, Bruce Sherrill, D.D.S., Brent Robinson D.D.S., Robinson Dental P.S., Sean Couch D.D.S., and Sean M. Couch D.D.S. P.S. d/b/a Kingston Dental.

14.    "Court" means the United States District Court for the District of Minnesota.

15.    "Defendant" means 3M Company.

16.    "Defendant's Releasees" means 3M Company and its officers, directors, shareholders, owners, partners, employees, agents, representatives, attorneys, insurers, suppliers, distributors, employees and representatives of distributors, sellers of products, predecessors, successors, and assigns, and all affiliated, parent, and subsidiary

6

corporations, and all persons and entities who might have claims for contribution of indemnity against 3M or its successors.

17. "Effective Date" means the date on which the Court's judgment approving this Stipulation, in substance materially the same as the form attached hereto as Exhibit B, becomes Final.

18. "Fairness Hearing" means the hearing or hearings before the Court to determine whether the Final Judgment Order should be entered and to consider related matters.

19. "Final," with respect to the judgment or any other court order, means: (a) if no appeal is filed, the expiration date of the time provided for filing or noticing any appeal under the Federal Rules of Appellate Procedure; or (b) if there is an appeal from the judgment or order, (i) the date of final dismissal of all such appeals, or the final dismissal of any proceeding on certiorari or otherwise, or (ii) the date the judgment or order is finally affirmed on an appeal, the expiration of the time to file a petition for a writ of certiorari or other form of review, or the denial of a writ of certiorari or other form of review, and, if certiorari or other form of review is granted, the date of final affirmance following review pursuant to that grant.  However, any appeal or proceeding seeking subsequent judicial review pertaining solely to an order issued with respect to (a) the Fee and Expense Application (as hereinafter defined), or (b) the Plan of Distribution of the Net Settlement Fund (as submitted or subsequently modified), shall not in any way delay or preclude a judgment from becoming Final.

20.     "Final Judgment Order" means the Order for Final Judgment approving the Settlement that is in substance materially the same as Exhibit B to this Stipulation.

21.     "Litigation Expenses" means costs and expenses incurred by the Class Representatives or Class Counsel in connection with commencing, prosecuting and settling the Action, including any service awards for the Class Representatives directly related to their representation of the Class.

22.     "Notice" means Notice of Class Action Determination, Proposed Settlement, and Hearing Thereon, substantially in the form attached hereto as Exhibit A-1, which is to be mailed to Class Members as directed by the Court and made available for download on a website to be maintained by the Claims Administrator.

23.     "Plaintiffs' Releasing Parties" means the Class Representatives and Class Members, the entities through which any of the Class Representatives or Class Members practice dentistry, the respective heirs, executors, administrators, owners, officers, directors, members, partners, employees, agents, representatives, predecessors, successors, and assigns of any of them, and any person or entity that has or claims to have rights through the Class Representatives or Class Members.

24.     "Preliminary Approval Order" means an order granting preliminary approval of the Settlement that is in substance materially the same as Exhibit A to this Stipulation.

25.    "Released Plaintiffs' Claims" means any and all claims, liabilities, demands, actions, and causes of action of every kind and nature whatsoever, whether existing or not existing, asserted or unasserted, liquidated or unliquidated, absolute or contingent, direct or derivative, in law or in equity, arising out of federal, state, foreign, or common law, including Unknown Claims, that the Plaintiffs' Releasing Parties have ever had, presently have, or may in the future have or claim to have, against Defendant or any of Defendant's Releasees by reason of any matter, event, cause or thing whatsoever arising out of, based in whole or in part upon, relating to, or existing by reason of: (a) the placement and/or use of Lava Ultimate Restorative for crowns, cemented with 3M ESPE cements, 3M ESPE adhesives, or otherwise, including the performance or non-performance of such products; and (b) the facts, circumstances, events, acts, or failures to act alleged in the Action.

26.    "Settlement" means the settlement between the Class Representatives and Defendant on the terms and conditions set forth in this Stipulation.

27.    "Settlement Fund" means the sum of $32,500,000, to be paid by Defendant as specified in ¶IV(D) of this Stipulation, including any interest accrued thereon after payment.

28.    "Supplemental Claim Period" means the period starting immediately after the Bar Date and ending on June 15, 2020.   Class Members may submit a Supplemental Claim Form for full or partial debonds that their patients experienced, and that the Class Member repaired or paid to have repaired after the Bar Date but on or before June 15, 2020.

29.     "Supplemental Notice" means a Supplemental Notice, substantially in the form attached hereto as Exhibit A-2, which is to be mailed to Class Members after June 15, 2020 but before June 30, 2020 and made available for download on a website to be maintained by the Claims Administrator.

30.     "Taxes" means: (a) all federal, state and/or local taxes of any kind (including any interest or penalties thereon) on any income earned by the Settlement Fund; and (b) all taxes imposed on payments by the Settlement Fund, including withholding taxes.

31.     "Unknown Claims" means any Released Plaintiffs' Claims which the Class Representatives or any other Class Member does not know or suspect to exist in his, her, or its favor at the time of the release of such claims which, if known by him, her, or it might have affected his, her, or its decision(s) with respect to this Settlement.  The Parties stipulate and agree that, upon the Effective Date of the Settlement, the Class Representatives shall expressly waive, and each of the Class Members who has not opted out shall be deemed to have waived, and by operation of the judgment shall have expressly waived, any and all provisions, rights, and benefits conferred by any law of any state or territory of the United States, or principle of common law or foreign law, which is similar, comparable, or equivalent to California Civil Code § 1542, which provides:

> **A general release does not extend to claims which the creditor does not know or suspect to exist in his or her favor at the time of executing the release, which if known by him or her must have materially affected his or her settlement with the debtor.**

The Class Representatives acknowledge, and each of the other Class Members shall be deemed by operation of law to have acknowledged, that the foregoing waiver was separately bargained for and is a key element of the Settlement.  The Class Representatives further acknowledge, and all Class Members shall be deemed by operation of the Final Judgment Order to have acknowledged, that they are aware that they may hereafter discover facts in addition to or different from those which they now know or believe to be true with respect to the subject matters of the Released Plaintiffs' Claims, but that it is their intention upon the Effective Date, to have, fully, finally, and forever settled and released any and all claims within the scope of the Released Plaintiffs' Claims, whether known or unknown, suspected or unsuspected, contingent or noncontingent, whether or not concealed or hidden, which now exist, may hereafter exist or may heretofore have existed, without regard to the subsequent discovery or existence of such different or additional facts.  All of the foregoing is the definition of "Unknown Claims."

**B.    The Court's Order Preliminarily Approving The Settlement**

As soon as practicable after the execution of this Stipulation, Class Counsel shall apply to the Court for entry of an order that is in substance materially the same as the proposed Preliminary Approval Order attached hereto as Exhibit A, which shall specifically include provisions which:

1.    Preliminarily approve the Settlement as embodied in this Stipulation as being fair, reasonable, and adequate to the Class;

2.    For purposes of settlement only, preliminarily certify the Class pursuant to Fed. R. Civ. P. 23(a) and 23(b)(3), appoint the Class Representatives and Class

Counsel to represent the Class, and provide that the interests of Class Members in enforcing their rights in the Action will be fairly and adequately represented by the Class Representatives and by Class Counsel;

3.     Provide that Class Counsel are authorized to enter into the Stipulation on behalf of the Class Representatives and the Class, and to bind the Class Representatives and Class Members to the duties and obligations contained herein, subject to final approval by the Court following the Fairness Hearing;

4.     Appoint the firm of BrownGreer PLC to administer the notice procedure and the processing of claims ("Claims Administrator"), under the supervision of Class Counsel;

5.     Approve (a) a Notice that is in substance materially the same as Exhibit A-1 attached hereto for transmission to Class Members in order to provide notice of the hearing for approval of the Settlement, (b) a Claim Form that is in substance materially the same as Exhibit A-2 attached hereto that must be submitted within ninety (90) days after the Bar Date set by the Court, (c) a Supplemental Notice that is in substance materially the same as Exhibit A-3 attached hereto for transmission to Class Members between June 15, 2020 and June 30, 2020 in order to inform them about the Supplemental Claim Period, and (d) a Supplemental Claim Form that is in substance materially the same as Exhibit A-4 that must submitted after June 15, 2020 and by September 15, 2020;

6.     Direct that the Claims Administrator mail the Notice and Claim Form to those Class Members who have been identified through Defendant's records, as set forth

12

in the Preliminary Approval Order, and make the Notice and Claim Form available to Class Members on a settlement website or by calling a toll-free number;

7.     Find that mailing and distribution pursuant to ¶¶IV(B)(5) and (6) above constitute the best notice practicable under the circumstances, constitute due and sufficient notice of the matters set forth in said notices to all persons entitled to receive notice, and fully satisfy the requirements of due process, Fed. R. Civ. P. 23, and all other applicable laws and rules;

8.     Require any Class Member who desires to request exclusion from the Class to submit a request for exclusion by the time and in the manner set forth in the Notice, and to provide the information required in the Notice;

9.     Schedule a hearing to be held by the Court ("Fairness Hearing") on a date at least 120 days after entry of the Preliminary Approval Order in order to determine: (a) whether the Settlement should be approved as fair, reasonable, and adequate to the Class; (b) whether a final judgment should be entered that is in substance materially the same as Exhibit B attached hereto ("Final Judgment Order"); (c) whether the Class Representatives' proposed Plan of Distribution attached as Exhibit A-5 should be approved as fair, reasonable, and adequate to the Class; (d) whether to approve the application of Class Counsel for an award of attorneys' fees and Litigation Expenses, including service awards to the Class Representatives ("Fee and Expense Application"); and (e) any other matters that may be brought before the Court in connection with the Settlement;

10.     Provide that any objections to the Settlement, the Plan of Distribution, or the Fee and Expense Application shall be heard, and any papers submitted in support of

13

said objections shall be received and considered by the Court at the Fairness Hearing (unless, in its discretion, the Court shall direct otherwise), only if, on or before a date to be specified in the Notice, persons making objections give notice of their intention to appear, and file with the Court and submit copies of such papers as they propose to submit in the manner described in the Notice;

11.     Provide that, in order to share in the Net Settlement Fund, a Class Member must execute and submit a valid Claim Form and/or Supplemental Claim Form in the manner provided in the Notice with respect to Claim Forms, and in the manner provided in the Supplemental Notice with respect to Supplemental Claim Forms, and within such time as is stated in the respective forms;

12.     Provide that a Claim Form and/or Supplemental Claim Form filed by mail shall be deemed to have been submitted when legibly postmarked by the U.S. Postal Service, if mailed by first-class mail, registered mail, or certified mail, postage prepaid, addressed in accordance with the instructions given in the Claim Form and/or Supplemental Claim Form, and that all other Claim Forms and/or Supplemental Claim Forms shall be deemed to have been submitted at the time they are actually received by the Claims Administrator;

13.     Provide that, upon entry of the Final Judgment Order, the Class Representatives and all Class Members, whether or not they submit a timely Claim, shall be permanently enjoined and barred from asserting any claims (except through the Claim procedures) against Defendant and Defendant's Releasees arising from the Released

Plaintiffs' Claims, and that the Class Representatives and all Class Members conclusively shall be deemed to have released any and all such Released Plaintiffs' Claims;

14.     Provide that, upon the Effective Date, only persons who are Authorized Claimants shall have rights in the distribution of the Net Settlement Fund; and

15.     Provide that the Fairness Hearing may, from time to time and without further notice to Class Members, be continued or adjourned by order of the Court.

## C.     Judgment To Be Entered By The Court Approving The Settlement

At the Fairness Hearing, the Class Representatives and Class Counsel shall ask the Court to enter the order described in this section.   Upon approval by the Court of the Settlement, a final judgment shall be entered by the Court, pursuant to an Order for Final Judgment ("Final Judgment Order") that is in substance materially the same as Exhibit B attached hereto, which shall specifically include provisions which:

1.     Approve the Settlement set forth in this Stipulation as fair, reasonable, and adequate to the Class, and direct consummation of the Settlement in accordance with the terms and provisions of this Stipulation;

2.     Fully and finally dismiss the Action with prejudice, and without costs (except as may be provided herein) to any Party as against any other;

3.     Provide that the Class Representatives and all Class Members shall be deemed to have, and by operation of law and of the judgment shall have, fully, finally and forever compromised, settled, released, resolved, relinquished, waived and discharged all Released Plaintiffs' Claims against Defendant and Defendant's Releasees, and shall

15

forever be barred and enjoined from prosecuting any or all of the Released Plaintiffs'

Claims against Defendant or any of the Defendant's Releasees;

4.      Notwithstanding ¶IV(C)(3) above, nothing in the Final Judgment

Order shall bar any action by any of the Parties to enforce or effectuate the terms of this

Stipulation or the Final Judgment Order;

5.      Determine that Defendant has complied with the requirements of 28

U.S.C. §1715(b);

6.      Approve the Plan of Distribution and order that payments be made to

Authorized Claimants only in accordance with that plan;

7.      Award Class Counsel from out of the Settlement Fund such attorneys'

fees and Litigation Expenses as the Court may allow;

8.      Direct that Supplemental Notice and Supplemental Claim Form be

mailed to Class Members in accordance with the Plan of Distribution; and

9.      Reserve jurisdiction over: (a) implementation of the Settlement and

any distribution to Authorized Claimants, pursuant to further orders of the Court; (b)

disposition of the Settlement Fund; (c) the Action, until the Effective Date, and until each

and every act agreed to be performed by the Parties shall have been performed pursuant to

this Stipulation; and (d) the Parties, for the purpose of enforcing and administering this

Stipulation.

### D.      Use Of The Settlement Fund And Notice And Settlement Administration

1.      The Settlement Fund shall be the sum of $32,500,000.

2.      Within fifteen (15) business days after the Court enters the Preliminary Approval Order, Defendant shall deposit into an escrow account established at Associated Bank Corp., or another FDIC-insured financial institution, and denominated Associated Trust Company, N.A (the "Escrow Account"), the sum of $500,000 ("Advance Notice Costs").

3.      Within fifteen (15) business days after the Court enters the Final Judgment Order, Defendant shall deposit an additional $32,000,000 into the Escrow Account.

4.      Defendant or Defendant's Releasees shall not be liable to pay any amount except as set forth in ¶IV(D)(2) and (3) of this Stipulation.

5.      The Settlement Fund shall be deemed to be in the custody of the Court, and shall remain subject to the jurisdiction of the Court until such time as the entirety of the Settlement Fund is distributed as provided in this ¶IV(D), or returned to Defendant as provided in ¶IV(D)(9) of this Stipulation.

6.      Up until the Effective Date, the Escrow Account shall be under the control of Associated Bank Corp., on behalf of the Class Representatives, Class Counsel, the Class, and Defendant ("Escrow Agent"). The Escrow Agent shall cause the Settlement Fund to be invested exclusively in United States Treasury Bills (or a mutual fund invested solely in such instruments), except that any cash balances up to the amount that is insured by the FDIC may be deposited in any account that is fully insured by the FDIC. The Escrow Agent shall cause all interest on the Escrow Account to be collected and reinvested. In the event that the yield on United States Treasury Bills is negative, in lieu of purchasing

17

such Treasury Bills, all or any portion of the funds held by the Escrow Agent may be deposited in any account that is fully insured by the FDIC or backed by the full faith and credit of the United States.  Additionally, if short-term placement of the funds is necessary, all or any portion of the funds held by the Escrow Agent may be deposited in any account that is fully insured by the FDIC or backed by the full faith and credit of the United States. All risks related to the investment of the Settlement Fund in accordance with the guidelines set forth in this paragraph shall be borne by the Settlement Fund.

7.      Before the Effective Date, no disbursements shall be made out of the Settlement Fund except: (a) upon order of the Court; or (b) as provided in this Stipulation.

8.      Prior to the Effective Date, the Escrow Agent may pay from the Settlement Fund Administrative Expenses up to the maximum total amount of the Advance Notice Costs of $500,000.  After the Effective Date the Escrow Agent may pay from the Settlement Fund any additional, unpaid Administrative Expenses without further approval from Defendant or order of the Court.  Defendant and Defendant's Releasees are not responsible for, and shall not be liable for, any Administrative Expenses.

9.      If the Effective Date does not occur, or if this Stipulation is voided, terminated or cancelled for any reason, the Class Representatives and Class Counsel shall have no obligation to repay any of the Administrative Expenses that have been paid or incurred in accordance with ¶IV(D)(8).  Any amounts remaining in the Settlement Fund after payment of Administrative Expenses paid or incurred in accordance with ¶IV(D)(8), including all interest earned on the Settlement Fund net of any Taxes, shall be returned to

Defendant.  No other person or entity shall have any further claim whatsoever to such amounts.

10.    This Settlement is not a reversionary settlement.  As of the Effective Date, all rights of Defendant in or to the Settlement Fund shall be extinguished.

11.    The Settlement Fund is intended to be a Qualified Settlement Fund within the meaning of Treasury Regulation § 1.468B-1.  Class Counsel, as administrator of the Settlement Fund within the meaning of Treasury Regulation § 1.468B-2(k)(3), shall be solely responsible for filing or causing to be filed all informational and other tax returns as may be necessary or appropriate (including, without limitation, the returns described in Treasury Regulation § 1.468B-2(k)) for the Settlement Fund.  Class Counsel shall also be responsible for causing payment to be made from the Settlement Fund of any Taxes owed with respect to the Settlement Fund.  Defendant and Defendant's Releasees shall not have any liability or responsibility for any such Taxes.  Upon written request, Defendant will provide to Class Counsel the statement described in Treasury Regulation § 1.468B-3(e).  Class Counsel, as administrator of the Settlement Fund within the meaning of Treasury Regulation § 1.468B-2(k)(3), shall timely make such elections as are necessary or advisable to carry out this paragraph, including, as necessary, making a "relation back election," as described in Treasury Regulation § 1.468B-1(j), to cause the Qualified Settlement Fund to come into existence at the earliest allowable date, and shall take or cause to be taken all actions as may be necessary or appropriate in connection therewith.

12.    All Taxes shall be paid out of the Settlement Fund, and shall be timely paid pursuant to the disbursement instructions to be set forth in the Escrow Agreement, and

without further order of the Court.  Any tax returns prepared for the Settlement Fund (as well as the election set forth therein) shall be consistent with the previous paragraph and in all events shall reflect that all Taxes on the income earned by the Settlement Fund shall be paid out of the Settlement Fund as provided herein.  Defendant and Defendant's Releasees shall have no responsibility or liability for the Taxes or for the acts or omissions of Class Counsel or their agents with respect to the payment of Taxes.

13.     The Settlement Fund shall be used to pay: (a) any Taxes; (b) any Administrative Expenses incurred in accordance with ¶IV(D)(8); (c) any Litigation Expenses awarded by the Court; and (d) any attorneys' fees awarded by the Court.  The balance remaining in the Settlement Fund, referred to hereafter as the "Net Settlement Fund," shall be distributed to Authorized Claimants in accordance with the Plan of Distribution.  If any amount remains after distribution to Authorized Claimants, it will be paid as described in ¶IV(D)(19) herein.

14.     The Claims Administrator shall administer the Settlement, including but not limited to the process of receiving, reviewing and approving or denying Claims, under Class Counsel's supervision and subject to the jurisdiction of the Court.  Class Counsel shall participate in the review and determination of certain Claims, as described in the Plan of Distribution, and reserve the right to undertake other portions of the Claims review process.  Class Counsel shall be responsible for supervising the administration of the Settlement and the disbursement of the Net Settlement Fund, subject to Court approval.  Class Counsel shall have the right, but not the obligation, to waive what they deem to be

formal or technical defects in any Claim Forms and/or Supplemental Claim Forms submitted, in the interests of achieving substantial justice.

15.     The Parties intend to propose the Plan of Distribution that is detailed in Exhibit A-5.  The Plan of Distribution is not a necessary term of the Settlement or of this Stipulation, and it is not a condition of the Settlement or of this Stipulation that any particular Plan of Distribution be approved by the Court.  The Class Representatives and Class Counsel may not cancel or terminate the Settlement (or this Stipulation) based on this Court's or any appellate court's ruling with respect to the Plan of Distribution or any other plan of distribution in this Action.

16.     For purposes of determining the extent, if any, to which a Class Member shall be entitled to be treated as an Authorized Claimant, the following conditions shall apply:

(a)     All Class Members who wish to receive a payment in connection with the Settlement shall be required to submit to the Claims Administrator a completed Claim Form substantially in the form of Exhibit A-2 attached hereto, and/or a completed Supplemental Claim Form substantially in the form of Exhibit A-4 attached hereto, both being postmarked or submitted electronically by the respective due dates set by the Court.  All Claim Forms and Supplemental Claim Forms must be signed under penalty of perjury and supported by such documents as are specified in the Claim Form and/or Supplemental Claim Form;

(b)     All Claims based upon full or partial debonds of Lava Ultimate crowns that the Class Member repaired or paid to have repaired during the Claim Period

21

must be submitted on a Claim Form on or before a date that is ninety (90) days after the Bar Date. All claims based upon full or partial debonds of Lava Ultimate crowns that the Class Member repaired or paid to have repaired during the Supplemental Claim Period must be submitted on a Supplemental Claim Form after June 15, 2020 and by September 15, 2020. Any Class Member who fails to submit a timely Claim Form or a timely Supplemental Claim Form shall be forever barred from receiving any distribution from the Net Settlement Fund or payment pursuant to this Stipulation (unless by order of the Court such Class Member's Claim Form and/or Supplemental Claim Form is accepted), but shall in all other respects be bound by all of the terms of this Stipulation and the Settlement, including the terms of the Final Judgment Order;

(c)     Each Claim Form and Supplemental Claim Form shall be submitted to and reviewed by the Claims Administrator and/or Class Counsel, who shall determine, in accordance with this Stipulation and the Plan of Distribution, the extent, if any, to which a Claim shall be allowed, subject to review pursuant to subparagraph (e) below as necessary;

(d)     Claim Forms and Supplemental Claim Forms that do not meet the submission requirements may be rejected. After consulting with Class Counsel and Defendant, the Claims Administrator shall notify, in a timely fashion and in writing, all Claimants whose Claim the Claims Administrator proposes to reject in whole or in part, setting forth the reasons therefor, and shall indicate in such notice that the Claimant whose Claim is to be rejected has the right to a review pursuant to subparagraph (e) below if the Claimant so desires and complies with the requirements of subparagraph (e); and

(e)     If any Claimant whose Claim has been rejected in whole or in part desires to contest such rejection, the Claimant must, within twenty (20) days after the date of issuance of the notice required in subparagraph (d) above, serve upon the Claims Administrator a notice and statement of reasons indicating the Claimant's grounds for contesting the rejection along with any supporting documentation, and requesting a review thereof.  If a dispute concerning a Claim cannot be otherwise resolved, Class Counsel shall thereafter present the request for review to retired Magistrate Judge Arthur J. Boylan. Judge Boylan's decision on the Claim shall be binding upon the Parties and the Class Members, without right of appeal.

17.     Each Claimant shall be deemed to have submitted to the jurisdiction of the Court with respect to any Claim submitted by the Claimant, and the Claim will be subject to investigation and discovery under the Federal Rules of Civil Procedure; provided, however, that such investigation and discovery shall be limited to that Claimant's status as a Class Member and the validity and amount of the Claimant's Claim.  No discovery shall be allowed on the merits of this Action or of the Settlement in connection with the processing of Claims.  All Class Members waive trial by jury (to the extent any such right may exist) and any right of appeal or review solely with respect to determination of a Claim.

18.     Class Counsel will apply to the Court, on notice to Defendant's counsel, for Class Distribution Orders: (a) approving the determinations concerning the acceptance and rejection of Claims; (b) approving payment of any incurred but unpaid Administrative Expenses; and (c) if the Effective Date has occurred, directing payment of

23

the Net Settlement Fund to Authorized Claimants in accordance with the Plan of Distribution.

19.     To the extent any monies remain in the Net Settlement Fund more than 150 days after distributions made pursuant to the Plan of Distribution and in accordance with the Class Distribution Orders, the remaining balance shall be contributed to a  not-for-profit organization(s) focused on dental health and/or consumer protection, to be recommended as set forth in the Plan of Distribution and approved by the Court.

20.     Payment pursuant to the Class Distribution Orders shall be final and conclusive against all Class Members.  All Class Members whose Claims are not approved by the Court for payment shall be barred from participating in distributions from the Net Settlement Fund, but otherwise shall be bound by all of the terms of this Stipulation and the Settlement, including the Final Judgment Order to be entered in this Action, and will be permanently barred and enjoined from bringing any action against Defendant or Defendant's Releasees with respect to any and all of the Released Plaintiffs' Claims.

21.     No person or entity shall have any claim or cause of action against the Class Representatives, Class Counsel, the Claims Administrator, or any other agent designated by Class Counsel arising from distributions made substantially in accordance with the Stipulation, the Plan of Distribution as approved by the Court, or any order of the Court.

22.     Defendant and Defendant's Releasees shall have no responsibility for, interest in, or liability whatsoever with respect to the distribution of the Net Settlement Fund, the Plan of Distribution, the determination, administration, or calculation of Claims,

24

the payment or withholding of Taxes, the Escrow Account, the Escrow Agent, Administrative Expenses, or any losses incurred in connection with the foregoing. No person, including the Class Representatives, Class Members, and Class Counsel, shall have any claim of any kind against Defendant or Defendant's Releasees with respect to the matters set forth in this paragraph.

### E.   The Fee and Expense Application

1.   Not later than fourteen (14) calendar days prior to the deadline for submitting objections/requesting exclusion from the Class set forth in the Notice, Class Counsel will apply to the Court for a collective award of attorneys' fees to be paid from (and out of) the Settlement Fund. Class Counsel also will apply to the Court for reimbursement of Litigation Expenses, which may include a request for service awards to the Class Representatives directly related to their representation of the Class, to be paid from (and out of) the Settlement Fund. Class Counsel warrant that any motion or application that they file requesting an award of attorneys' fees and Litigation Expenses will include within its scope all attorneys and law firms with a financial interest in any such award for the Settlement of the Action. All of the above is the "Fee and Expense Application."

2.   Class Counsel have represented that they will not file a Fee and Expense Application that seeks attorneys' fees in excess of 33% of the Settlement Fund. Defendant reserves the right to object to or oppose all or any portion of the Fee and Expense Application.

3.      It is agreed that the allowance or disallowance by the Court of the Fee and Expense Application is not a term or condition of the Settlement set forth in this Stipulation, and any order or proceeding relating thereto, or any appeal from any such order, shall not operate to terminate or cancel this Stipulation.

4.      The amount awarded by the Court on the Fee and Expense Application shall be paid from the Settlement Fund within five (5) business days of the Effective Date.  If the Court authorizes, Class Counsel may allocate amounts awarded to them in the manner they choose.

F.      **Conditions of Settlement; Effect of Disapproval, Cancellation and Termination**

1.      This Stipulation shall be deemed terminated and cancelled, and shall have no further force and effect whatsoever, if:

(a)      There is no Effective Date;

(b)      The Court fails to enter an order certifying the Class, preliminarily approving the Settlement, and directing that notice of the Settlement be given, in substance materially the same as ¶IV(B) and Exhibit A-1 hereto, or if such an order is entered, it later is reversed or materially modified, whether on appeal or otherwise; or

(c)      The Court fails to enter the Final Judgment Order as provided for in ¶IV(C), in substance materially the same as Exhibit B hereto, or if such a Final Judgment Order is entered, it later is reversed or materially modified, whether on appeal or otherwise (a reversal or modification of any proposed Plan of Distribution or of any award

26

pursuant to the Fee and Expense Application shall not be deemed a reversal or modification of the material terms of this Stipulation).

2.      This Stipulation may be terminated by Defendant, in its sole and absolute discretion, by written notice to Class Counsel if any of the following events occurs:

(a)      More than 270 days passes from the date of execution of the Stipulation, and no Final Judgment Order has been entered by the Court;

(b)      Any   of   the   Class   Representatives   excludes himself/herself/itself from the Class; or

(c)      Dentists and/or dental practices who collectively purchased 20,000 or more Lava Ultimate blocks, and who fall within the definition of the Class, submit valid and timely requests for exclusion from the Class.  Copies of requests for exclusion shall be simultaneously sent to Class Counsel and Defendant's counsel promptly upon receipt by the Claims Administrator.

Any notice given by Defendant pursuant to subparagraphs (b) and (c) must be given by no later than three (3) days before the Fairness Hearing.

3.      In the event that this Stipulation is voided, terminated or cancelled, or fails to become effective for any reason whatsoever, then within fifteen (15) business days after written notice is sent by Defendant to the Escrow Agent and Class Counsel, the Escrow Agent shall cause the Settlement Fund and all interest earned thereon (subject to the expiration of any time deposit not to exceed 90 days) to be refunded to the Defendant, less any Administrative Expenses paid or incurred in accordance with the terms of

27

¶IV(D)(8) of this Stipulation.  In such event, the Parties shall be deemed to have reverted to their respective statuses as of the date and time immediately prior to the execution of this Stipulation, and they shall proceed in all respects as if this Stipulation, its exhibits, and any related agreements or orders, had never been executed.  In such event, the Parties jointly will seek vacation of any order entered or actions taken in connection with this Stipulation.

### G.   Miscellaneous Provisions

1.   This Stipulation and its exhibits constitute the entire agreement among the Parties hereto, and no representations, warranties or inducements have been made to any Party concerning this Stipulation or its exhibits other than the representations, warranties, and covenants contained and memorialized in such documents.

2.   All of the exhibits attached hereto are hereby incorporated by this reference as though fully set forth herein.  Notwithstanding the foregoing, in the event that there exists a conflict or inconsistency between the terms of this Stipulation and the terms of any exhibit attached hereto, the terms of the Stipulation shall prevail.

3.   This Stipulation will be executed on behalf of the Parties hereto by their respective counsel of record.  All counsel executing this Stipulation represent and warrant that they are authorized and empowered to execute this Stipulation on behalf of their stated client(s), and that the signature of such counsel is intended to and does legally bind stated client(s) of such counsel.

4.   Class Counsel, on behalf of the Class, are authorized to take all appropriate action required or permitted to be taken by the Class pursuant to this Stipulation

to effectuate its terms.  Class Counsel also are authorized to enter into any modifications or amendments to this Stipulation on behalf of the Class which such counsel deem appropriate.

5.     This Stipulation may be executed in one or more counterparts. All executed counterparts and each of them shall be deemed to be one and the same instrument. Counsel for the Parties shall exchange among themselves signed counterparts.  Signatures may be originals, or facsimile or pdf. copies.

6.     This Stipulation shall be binding upon, and inure to the benefit of, the successors and assigns of the Parties to this Stipulation.

7.     This Stipulation may be amended or modified only by a written instrument signed by the Parties or their successors-in-interest.

8.     The waiver by one Party of any breach of this Stipulation by any other Party shall not be deemed a waiver, by that Party or by any other Party to this Stipulation, of any other prior or subsequent breach of this Stipulation.  The waiver by one Party shall not be deemed a waiver by any other Party.

9.     The Parties have entered into this Stipulation solely as a compromise of all claims for the purpose of concluding the disputes between them, and the Stipulation may not be used by any third party against a Party.  Further, neither this Stipulation, nor any document referred to herein, nor any action taken to carry out this Stipulation, is, may be construed as, or may be used as, an admission of wrongdoing or liability by any Party, such wrongdoing and liability being expressly denied and no final adjudication having been made.  Further, the Stipulation may not be construed as an admission by Defendant that a

litigation class could or should have been certified, and Defendant retains its right to challenge class certification if the Parties cannot obtain final approval of the Settlement for any reason.  Pursuant to Fed. R. Evid. 408, entering into or carrying out this Stipulation, the exhibits hereto, and any negotiations or proceedings related thereto, shall not in any event be construed as, or deemed to be evidence of, an admission or concession by any of the Parties or a waiver of any applicable statute of limitations, and shall not be offered or received into evidence in any action or proceeding against any Party in any court, administrative agency or other tribunal for any purpose whatsoever, other than to support a defense based on principles of res judicata, collateral estoppel, release, good faith settlement, judgment bar or reduction, or any other theory of claim preclusion or issue preclusion or similar defense, or to enforce the provisions of this Stipulation or the provisions of any related agreement or exhibit hereto.

10.     The Parties and their counsel agree that they will not initiate any press releases or contact, direct or indirect, with the public media, i.e., traditional print media and electronic media.  The Parties further agree that in responding to any inquiries from the public media concerning the Action and/or the Settlement, they and their counsel will limit their comments to the provision of such factual information as is contained in the Notice, the Stipulation, the pleadings, and/or any of the various court orders in the Action. They may further state to the effect that "the matter has been settled to the satisfaction of all parties."  However, Class Counsel may communicate privately with the Class Representatives or a Class Member concerning the Settlement, and Defendant may make

such public disclosures about the Action and the Settlement as the federal securities laws require.

11.    All terms of this Stipulation and the exhibits hereto shall be governed by and interpreted according to the laws of the State of Minnesota, without regard to conflicts of laws, except to the extent federal law requires that federal law govern.

12.    The Parties and their counsel agree to use their best efforts, and to take all reasonable steps necessary, to obtain the entry of the Preliminary Approval Order and the Final Judgment Order, and to effectuate the Settlement set forth in this Stipulation.

**IN WITNESS WHEREOF**, the Parties hereto have caused this Stipulation to be executed, by their duly authorized attorneys, as of the date stated above.

Date: March 25, 2019.

Daniel C. Hedlund (#258337)
**GUSTAFSON GLUEK PLLC**
Canadian Pacific Plaza
120 So. 6th Street, Suite 2600
Minneapolis, MN 55402
Telephone: (612) 333-8844
Facsimile: (612) 339-6622
E-mail: dhedlund@gustafsongluek.com

and

Warren T. Burns
TX State Bar No. 24053119
**BURNS CHAREST LLP**
900 Jackson Street, Suite 500
Dallas, Texas 75202
Telephone: (469) 904-4550
Facsimile: (469) 444-5002
E-mail: wburns@burnscharest.com

*Class Counsel*

Date: March 25, 2019.

Wendy J. Wildung (MN #117055)
Matthew Kilby (MN #0335083)
Tyler A. Young (MN #03950017)
Laura A. Reilly (MN #0397655)
**FAEGRE BAKER DANIELS LLP**
2200 Wells Fargo Center
90 South Seventh Street
Minneapolis, MN 55402-3901
Telephone: (612) 766-7000
Fax: (612) 766-1600
wendy.wildung@FaegreBD.com
tyler.young@FaegreBD.com
matthew.kilby@FaegreBD.com
laura.reilly@FaegreBD.com

*Attorneys for Defendant 3M Company*

32

US.122162420.04

<u>**EXHIBIT A**</u>

## UNITED STATES DISTRICT COURT
## DISTRICT OF MINNESOTA

| | |
|---|---|
| Vikram Bhatia, D.D.S., et al., on behalf of themselves and all others similarly situated, | Case No. 0:16-cv-01304-DWF-DTS |
| Plaintiffs, | <u>**[PROPOSED] ORDER PRELIMINARILY APPROVING SETTLEMENT**</u> |
| v. | |
| 3M Company, | |
| Defendants. | |

**WHEREAS**, Plaintiffs in the above-described class action ("Action") have applied for an order, pursuant to Rule 23(e) of the Federal Rules of Civil Procedure, regarding certain matters in connection with a proposed settlement of the Action, in accordance with a Stipulation of Settlement (the "Stipulation" or "Settlement") entered into by the Parties as of March 25, 2019 (which, together with its exhibits, is incorporated herein by reference) and dismissing the Action upon the terms and conditions set forth in the Stipulation;

**WHEREAS,** all defined terms used in this Order have the same meanings as set forth in the Stipulation;

**NOW, THEREFORE**, pursuant to Rule 23(e) of the Federal Rules of Civil Procedure, upon the agreement of the Parties, and after consideration of the Stipulation and its exhibits,

**IT IS HEREBY ORDERED** that:

1.     The representations, agreements, terms, and conditions of the Settlement, as embodied in the Stipulation and the exhibits attached thereto, are preliminarily approved pending a final hearing on the Settlement as provided herein.

2.     For purposes of the Settlement only, the Court finds and determines that the Action may proceed as a class action pursuant to Rules 23(a) and 23(b)(3) of the Federal Rules of Civil Procedure, on behalf of a class consisting of all dentists or dental practices in the United States, Commonwealth of Puerto Rico, U.S. Virgin Islands, and Guam who purchased 3M's Lava Ultimate Restorative, applied the product as a dental crown, and had patients who experienced one or more full or partial debonds on or before June 15, 2020, excluding any dentists and dental practices (a) who submit a valid and timely request for exclusion pursuant to the Notice required by this Order, or (b) who released their claims against Defendant in connection with private individual settlements.  All of the above are the "Class."

3.     For purposes of the Settlement only, the Court finds and determines, pursuant to Rule 23(a) of the Federal Rules of Civil Procedure, that Angela Ferrari, D.D.S., Angela M. Ferrari, D.D.S., Inc., Edward Shapiro, D.D.S., Pacific Holistic Dental, Inc., Jerry Yu, D.D.S., Jerry Yu Dental Corp. d/b/a Grand Avenue Smiles, James Lewis D.M.D., James C. Lewis, D.M.D., P.A., Lazaro Fernandez, D.D.S., Lazaro Fernandez, D.D.S., P.A., d/b/a Fernandez Dental Center-Miami Lakes Fernandez Dental Office, Vikram Bhatia, D.D.S., Jeffrey Chen, D.D.S., Brookhaven Dental Associates, P.C., Johns Creek Dental Associates, P.C., Justin Ebersole, D.D.S., Parsons Dental Care, LLC, Mike

**EXHIBIT A**

Henrickson, D.D.S., Dr. Myron Henrickson, Henrickson Dental PLC, Mary Gadbois,

D.D.S., Cherry Hill Dental Associates, Inc., Dominick Lembo, D.M.D., Dr. Dominick

Lembo, D.M.D., P.C. d/b/a Belmont Dental Associates, Jonathan Banker, D.D.S., Banker

Dental Associates, P.A., Dr. Timothy Rauch, D.D.S., Desert Ridge Dental, Anthony J.

Peppy D.D.S., Samuel Peppy D.D.S., Peppy Dental, Paul Bookman, D.M.D., Bryn Mawr

Dental Associates, LTD, David Dudzinski, D.D.S, D&N Dental PLLC d/b/a Creekview

Dental, Bruce Sherrill, D.D.S., Brent Robinson D.D.S., Robinson Dental P.S., Sean

Couch D.D.S., and Sean M. Couch D.D.S. P.S. d/b/a Kingston Dental ("Class

Representatives") will fairly and adequately represent the interests of the Class in

enforcing their rights in the Action, and appoints them as Class Representatives.

      4.     For purposes of the Settlement, the Court appoints Daniel C. Hedlund of

Gustafson Gluek PLLC and Warren T. Burns of Burns Charest LLP as Class Counsel to

act on behalf of the Class and the Class Representatives with respect to the Settlement.

The Court authorizes Class Counsel to enter into the Stipulation on behalf of the Class

Representatives and the Class, and to bind them all to the duties and obligations

contained therein, subject to final approval by the Court of the Settlement.

      5.     The firm of BrownGreer PLC is appointed as Claims Administrator to

administer the notice procedure and the processing of claims, under the supervision of

Class Counsel.

      6.     Having reviewed the proposed forms submitted by the Parties for a Notice

of Class Action Determination, Proposed Settlement, and Hearing Thereon ("Notice")

(Exhibit A-1 to the Stipulation), Supplemental Notice (Exhibit A-2 to the Stipulation),

Claim Form (Exhibit A-3 to the Stipulation), and Supplemental Claim Form (Exhibit A-4 to the Stipulation), the Court approves, as to form and content, such Notice, Claim Form, Supplemental Notice, and Supplemental Claim Form.

7.     The Court directs that the Claims Administrator cause copies of the Notice and the Claim Form to be mailed to all members of the Class who can be identified through Defendant's records.  The mailing is to be made by first class United States mail, postage prepaid, within thirty (30) calendar days of entry of this Order. Contemporaneously with the mailing, the Claims Administrator shall cause copies of the Stipulation, Notice, Claim Form, and Plan of Distribution that is Exhibit A-5 to the Stipulation, in forms available for download, to be posted on a website developed for the Settlement.

8.     The Court finds and determines that (a) mailing of the Notice and Claim Form, and (b) provision of the Stipulation, Notice, Claim Form, and Plan of Distribution on the website for the Settlement, all pursuant to this Order, constitute the best notice practicable under the circumstances, constitute due and sufficient notice of the matters set forth in the notices to all persons entitled to receive such notices, and fully satisfies the requirements of due process, Rule 23 of the Federal Rules of Civil Procedure, and all other applicable law and rules.

9.     Any person or entity falling within the definition of the Class may, upon request, be excluded or "opt out" from the Class.  Any such person or entity who desires to request exclusion from the Class must submit a written request for exclusion.  Such a request for exclusion must state the name and address of the person or entity requesting

exclusion; be signed by the person requesting exclusion, or by an authorized representative of the entity requesting exclusion and be mailed to the Claims Administrator such that it is postmarked at least twenty-one (21) calendar days prior to the Fairness Hearing.  All persons and entities who submit valid and timely requests for exclusion as set forth in this Order and the Notice shall have no rights under the Settlement, shall not share in the distribution of the Settlement Fund, and shall not be bound by the Settlement or any final judgment entered in this Action.

10.     A hearing will be held by this Court in the Courtroom of The Honorable Donovan W. Frank, United States District Court for the District of Minnesota, in Courtroom ___ of the Warren E. Burger Federal Building, 316 N. Robert Street, St. Paul, Minnesota 55101, at _____.m. on _____, 2019 ("Fairness Hearing"), to determine: (a) whether the Settlement should be approved as fair, reasonable, and adequate to the Class; (b) whether the Final Judgment Order should be entered in substance materially the same as Exhibit B to the Stipulation; (c) whether the proposed Plan of Distribution should be approved as fair, reasonable, and adequate to the Class; (d) whether to approve the application of Class Counsel for an award of attorneys' fees and Litigation Expenses, including service awards to the Class Representatives ("Fee and Expense Application"); and (e) any other matters that may properly be brought before the Court in connection with the Settlement.  The Fairness Hearing is subject to continuation or adjournment by the Court without further notice to the Class.  The Court may approve the Settlement with such modifications as the Parties may agree to, if appropriate, without further notice to the Class.

11.     At least seven (7) calendar days prior to the Fairness Hearing, Class

Counsel shall cause an affidavit or declaration to be filed with the Court certifying that

the Notice has been provided as directed in ¶¶ 6 and 7 of this Order.

12.     Any Class Member may enter an appearance in the Action, at their own

expense, individually or through counsel of their own choice.  If a Class Member does

not enter an appearance, they will be represented by Class Counsel.

13.     Any Class Member who wishes to object to the Settlement, the Plan of

Distribution, and/or the Fee and Expense Application, or to appear at the Fairness

Hearing and show cause, if any, why the Settlement should not be approved as fair,

reasonable, and adequate to the Class, why a final judgment should not be entered

thereon, why the Plan of Distribution should not be approved, or why the Fee and

Expense Application should not be granted, may do so, but must proceed as set forth in

this paragraph.  No Class Member or other person will be heard on such matters unless

they have submitted the objection, together with any briefs, papers, statements, or other

materials the Class Member or other person wishes the Court to consider, at least twenty-

one (21) calendar days prior to the Fairness Hearing as set forth in the Notice.  Any

objection: (a) must state the name, address and telephone number of the person or entity

objecting and, if not filed by counsel, be signed by the objector; (b) must contain the

specific reasons for each objection, including any legal and evidentiary support that the

Class Member wishes to bring to the Court's attention; and (c) must include documents

sufficient to prove membership in the Class.  An objecting Class Member who intends to

appear in person at the Fairness Hearing must include a statement in their objection

indicating their intention to appear at the Fairness Hearing.

14.    Any Class Member who does not make their objections in the manner and

by the date set forth in ¶13 of this Order shall be deemed to have waived any objections,

and shall be forever barred from raising such objections in this or any other action or

proceeding, absent further order of the Court.

15.    All Class Members who had patients who experienced any full or partial

debond of a Lava Ultimate crown on or before June 15, 2020 shall be entitled to share in

the Settlement Fund.  Any Class Member who wishes to obtain a payment from the

Settlement Fund must submit a Claim Form during the Claim Period and/or a

Supplemental Claim Form during the Supplemental Claim Period.  Such Class Member

must: (a) fully complete and sign the Claim Form and/or Supplemental Claim Form

without material deletions or modifications of any printed text, and under penalty of

perjury; (b) append to the Claim Form and/or Supplemental Claim Form adequate

supporting documentation as specified in the respective form; (c) if the person executing

the form is acting in a representative capacity, append a certification of his or her current

authority to act on behalf of the Class Member; (d) for claims based upon full or partial

debonds of Lava Ultimate crowns that the Class Member repaired or paid to have

repaired during the Claim Period, submit a Claim Form to the Claims Administrator so

that it is postmarked, or submitted electronically, no later than ninety (90) calendar days

after the Bar Date; and (e) for claims based upon full or partial debonds of Lava Ultimate

crowns that the Class Member repaired or paid to have repaired during the Supplemental

Claim Period, submit a Supplemental Claim Form to the Claims Administrator so that it
is postmarked, or submitted electronically, after June 15, 2020 and by September 15,
2020.  Any Class Member who does not submit a timely Claim Form or Supplemental
Claim Form in accordance with these instructions shall be barred from receiving any
payment from the Settlement Fund.  The Claims Administrator, in consultation with Class
Counsel and Defendant's counsel, shall have the discretion, but not the obligation, to
accept late-submitted forms for processing by the Claims Administrator, so long as
distributions of the Net Settlement Fund to Class Members are not materially delayed
thereby.  No person shall have any claim against the Claims Administrator, Class
Counsel, or Defendant's counsel, by reason of the decision to exercise discretion whether
to accept late-submitted Claim Forms and/or Supplemental Claim Forms.

16.    Upon the entry of the Court's order for final judgment after the Fairness
Hearing, the Class Representatives and all Class Members shall be permanently enjoined
and barred from asserting any claims (except through the Claim procedures) against
Defendant and Defendant's Releasees arising from Released Plaintiffs' Claims, and the
Class Representatives and all Class Members conclusively shall be deemed to have fully,
finally, and forever released any and all such Released Plaintiffs' Claims.

17.    Upon the Effective Date of the final judgment contemplated by ¶IV(C) of
the Stipulation, only persons and entities who are Class Members shall have rights in the
distribution of the Settlement Fund created by the Settlement, except as provided in the
Stipulation.

18.     All funds held by the Escrow Agent shall be deemed and considered to be *in custodia legis* of the Court, and shall remain subject to the jurisdiction of the Court until such time as the funds are distributed pursuant to the Stipulation or further order of the Court.

19.     All opening briefs and supporting documents in support of a request for final approval of the Settlement, the Plan of Distribution, and the Fee and Expense Application, must be filed and served at least thirty-five (35) calendar days prior to the Fairness Hearing.  Any reply papers must be filed and served no later than seven (7) calendar days prior to the Fairness Hearing.

20.     The Court reserves the right to adjourn or continue the Fairness Hearing, and any adjournment or continuance may be without further notice of any kind to the Class, other than oral announcement at the Fairness Hearing or at any later hearing.


Date: _____, 2019


_____
Donovan W. Frank
United States District Judge

**EXHIBIT A-1**



# DENTAL CROWN SETTLEMENT

*Read this notice carefully. Your legal rights may be affected whether you act or don't act.*

## If you purchased Lava Ultimate Restorative CAD/CAM blocks made by 3M Company, placed those blocks as crowns, and had patients who experienced any full or partial debonding of those crowns, you could get a payment from a $32.5 million class action settlement.

**A court authorized this notice.  This is _not_ a solicitation from a lawyer.**

## You must submit a claim to get paid.

- A proposed settlement has been reached in a class action lawsuit concerning whether Lava Ultimate Restorative blocks made by 3M Company ("3M") and sold to dentists and dental practices performed as warranted or represented when the blocks were milled and seated as dental crowns.

- You are receiving this notice because 3M's records indicate that you purchased Lava Ultimate Restorative dental blocks.  If you seated dental crowns milled from those blocks before June 15, 2015 and any of those crowns have already debonded or do debond by June 15, 2020, then you are a member of this settlement class, your rights are affected, and you have the following options:

| OPTION | RESULT |
|---|---|
| **SUBMIT A CLAIM BY [DATE]** | To get a payment, you must submit a claim form and any supporting documentation by [DATE] for debonds repaired on or before [DATE].  You can submit a claim form quickly and easily online at www.DentalCrownSettlement.com.  If you can't access the internet, we have enclosed a hard copy claim form with this notice that you can use if necessary.  We will send you a separate notice at a later time with instructions for when and how to file a claim for debonds repaired after [DATE]. |
| **DO NOTHING** | If you do nothing, you will remain in the settlement but will not receive a payment from the settlement and will lose your claims against 3M and others related to this settlement.  Questions 10 and 11 provide more details on what you give up. |
| **EXCLUDE YOURSELF BY [DATE]** | You can ask not to be a part of the settlement, receive no money, but keep the right to sue 3M separately.  Questions 14, 15, and 17 provide more information on this option. |
| **OBJECT BY [DATE]** | You can tell the Court you don't want the settlement to be approved and why.  Questions 16 and 17 provide more information on this option.  You cannot object if you exclude yourself. |
| **GO TO A HEARING** | The Court will hold a hearing on [DATE] at [TIME].  You can ask to speak at that hearing.  Questions 18, 19, and 20 provide more details. |

QUESTIONS?  VISIT www.DentalCrownSettlement.com or CALL 1-833-TBD-TBD1

## BASIC INFORMATION

| 1.  Why did I get this notice? |
|---|

A federal court authorized this notice because you have the right to know about the proposed settlement of a class action lawsuit (the "Settlement"), and about all of your rights and options, before the Court decides whether to approve the Settlement.  This notice explains the lawsuit, the Settlement, your legal rights, what benefits are available, who is eligible for them, and how to get them.

The Hon. Donovan W. Frank of the United States District Court for the District of Minnesota is overseeing this class action.  The case is known as *Bhatia, et al. v. 3M Company,* File No. 0:15-cv-01304-DWF-DTS (the "Action").  The Action was filed by 39 dentists and/or dental practices who are called the "Plaintiffs."  They sued 3M Company, which is called the "Defendant."

| 2.  What is this lawsuit about? |
|---|

Plaintiffs claim that Lava Ultimate Restorative dental blocks made by 3M did not perform as warranted or represented when the blocks were milled and seated as dental crowns.  In particular, Plaintiffs claim that crowns made from Lava Ultimate experienced a much higher rate of debonding than crowns made from other materials, and that characteristics of the Lava Ultimate material caused or contributed to the debonding.

3M denies Plaintiffs' claims and allegations.

The Settlement resolves all of the claims in the Action against 3M, as well as claims that could have been made in the Action or that arise out of the allegations in the Action against 3M and others called "Defendant's Releasees" (explained more fully in Question 10) related to Lava Ultimate blocks when used for dental crowns.  By entering into the Settlement, 3M is not admitting that it did anything wrong.

| 3.  Why is this a class action? |
|---|

In a class action, one or more persons and/or entities, called the Class Representative(s), sue on behalf of all persons and entities who have similar claims.  All of these persons and/or entities are referred to collectively as a Class, and these individual persons and entities are known as Class Members.  One court resolves all of the issues for all Class Members, except for those Class Members who exclude themselves from the Class.

The Class Representatives appointed by the Court in the Action to represent the Class are Angela Ferrari, D.D.S., Angela M. Ferrari, D.D.S., Inc., Edward Shapiro, D.D.S., Pacific Holistic Dental, Inc., Jerry Yu, D.D.S., Jerry Yu Dental Corp. d/b/a Grand Avenue Smiles, James Lewis D.M.D., James C. Lewis, D.M.D., P.A., Lazaro Fernandez, D.D.S., Lazaro Fernandez, D.D.S., P.A., d/b/a Fernandez Dental Center-Miami Lakes Fernandez Dental Office, Vikram Bhatia, D.D.S., Jeffrey Chen, D.D.S., Brookhaven Dental Associates, P.C., Johns Creek Dental Associates, P.C., Justin

Ebersole, D.D.S., Parsons Dental Care, LLC, Mike Henrickson, D.D.S., Dr. Myron Henrickson, Henrickson Dental PLC, Mary Gadbois, D.D.S., Cherry Hill Dental Associates, Inc., Dominick Lembo, D.M.D., Dr. Dominick Lembo, D.M.D., P.C. d/b/a Belmont Dental Associates, Jonathan Banker, D.D.S., Banker Dental Associates, P.A., Dr. Timothy Rauch, D.D.S., Desert Ridge Dental, Anthony J. Peppy D.D.S., Samuel Peppy D.D.S., Peppy Dental, Paul Bookman, D.M.D., Bryn Mawr Dental Associates, LTD, David Dudzinski, D.D.S, D&N Dental PLLC d/b/a Creekview Dental, Bruce Sherrill, D.D.S., Brent Robinson D.D.S., Robinson Dental P.S., Sean Couch D.D.S., and Sean M. Couch D.D.S. P.S. d/b/a Kingston Dental.

| **4.   Why is there a Settlement?** |
| --- |

The Class Representatives and 3M do not agree on who is right and who is wrong.  This case has not gone to trial, and the Court has not decided in favor of either the Class Representatives or 3M. Instead, the Class Representatives and 3M have agreed to a settlement, which is an agreement between a plaintiff and a defendant to resolve a lawsuit.  The Class Representatives and Class Counsel believe the Settlement is best for all Class Members because of the risks associated with continued litigation and the nature of the defenses raised by 3M.  If there were no settlement, a class might not be certified.  Even if a class were certified and the Class Representatives were to win at trial, 3M could file an appeal whose outcome would be uncertain.

## WHO IS IN THE SETTLEMENT?

| **5.   How do I know if I am part of the Settlement?** |
| --- |

You are a Class Member if you are a dentist or dental practice in the United States, Commonwealth of Puerto Rico, U.S. Virgin Islands, or Guam who purchased 3M's Lava Ultimate Restorative and applied the product as a dental crown before June 15, 2015, and one or more of your patients experienced one or more full or partial debonds on or before June 15, 2020.

| **6.   Are there exceptions to being included?** |
| --- |

Yes.  The Class does not include persons or entities who exclude themselves from the Class, as described in Question 14, and dentists and dental practices who previously released any claims against 3M in connection with private individual settlements.

## THE SETTLEMENT BENEFITS

| **7.   What does the Settlement provide?** |
| --- |

3M will create a $32,500,000 Settlement Fund.  After deducting Court-approved attorneys' fees, costs, and expenses, service awards to the Class Representative, taxes due on any interest earned on the Settlement Fund, if necessary, and any notice and claims administration expenses, the balance (the "Net Settlement Fund") will be distributed to Class Members in accordance with the Court-approved Plan of Distribution that appears as Exhibit A-5 to the Stipulation of Settlement that you can view or download at www.DentalCrownSettlement.com.

| 8.   What can I get from the Settlement? |
|---|

Your share of the Net Settlement Fund will depend on, among other things: (a) the number of Class Members who exclude themselves from the Class; (b) the amount of notice and administration costs incurred in connection with the Settlement; (c) the amount awarded by the Court for attorneys' fees, costs, and expenses, and for service awards to the Class Representatives; and (d) the results of claims submitted by Class Members.

The Settlement will allow Class Members to submit claims during either or both of two time periods:  (a) the Claim Period and (b) the Supplemental Claim Period.  The Claim Period covers claims based upon full or partial debonds of Lava Ultimate crowns that the Class Member repaired or paid to have repaired on or before _____, 2019.   A Class Member who wishes to make a claim for the Claim Period must submit a Claim Form by [DATE], which can be done quickly and easily online at www.DentalCrownSettlement.com or in hard copy using the form enclosed with this notice.  The Supplemental Claim Period covers claims based upon full or partial debonds of Lava Ultimate crowns that the Class Member repairs or pays to have repaired between _____, 2019 and June 15, 2020.  A Class Member who wishes to make a claim for the Supplemental Claim Period must submit a Supplemental Claim Form between June 15, 2020 and [DATE].  A Supplemental Claim Form will be available online and will be mailed to you with a later notice.  As the Plan of Distribution explains, 90% of the Net Settlement Fund will be available for claims filed during the Claim Period, and 10% of the Net Settlement Fund (plus any amounts remaining after payments are made to claims filed during the Claim Period) will be available for claims filed during the Supplemental Claim Period.

The Settlement allows for Class Members to elect one of two ways to value their claim for each debond:

(a) A Class Member may choose to claim a Fixed Amount of $250 per debond by completing the Claim Form; or

(b) A Class Member may choose to claim an amount higher than $250 per debond for his unreimbursed out-of-pocket-loss caused by a debond.  This amount, referred to as a Documented Amount claim, may vary from Class Member-to-Class Member and from tooth-to-tooth, depending upon the actual out-of-pocket loss experienced by the Class Member and the sufficiency of the evidence submitted to support the claimed loss.  To make a Documented Amount claim, a Class Member must complete the Claim Form and provide the additional information and documents called for in Section [#] of the Claim Form.

All claims will be reviewed and a determination will be made for each Class Member whether his claim is valid and if so, of the amount of that Class Member's Final Allowed Claim.  The Final Allowed Claim for a Class Member will be the sum of that Class Member's Fixed Amount claim and Documented Amount claim that have been determined to be valid.

The amount that each claimant receives will depend upon the total dollar value of valid claims submitted.  If the total dollar value of claims exceeds the amount of funds available for distribution, each eligible claimant's award will be reduced proportionately. For example, if the Class

Member's Final Allowed Claim represents 1% of the total amount of all Class Members' Final Allowed Claims, then the Class Member will receive 1% of the funds distributed.

If there are funds remaining after distribution to all Class Members of 100% of their Final Allowed Claims, then Class Counsel will make a proposal to the Court for what to do with those funds, with the priority focused on additional payments to Class Members if it is cost-effective to do so.  If it is not cost-effective, Class Counsel will propose that the remaining funds be paid to a not-for-profit organization focused on dental health and/or consumer protection that has been approved by the Court.

Further information about the claims process and how the Net Settlement Fund will be distributed is contained in the Plan of Distribution approved by the Court, which is available at www.DentalCrownSettlement.com.

| 9.   How and when will I receive a Settlement payment? |
| --- |

If the Court grants final approval of the Settlement, there are no appeals, and you submit a valid and timely Claim Form, you will receive a Settlement payment in the form of a check mailed to you within approximately 120 days of final approval.  The check will be mailed to the same address as this notice or the address provided on your Claim Form.  If you move before you receive your Settlement payment, you will need to notify the Claims Administrator in writing of your new address.  If there are appeals, then your payment will be delayed until after those appeals resolve in favor of the Settlement.

| 10. What am I giving up to get a Settlement payment or stay in the class? |
| --- |

If you are a Class Member and you do not exclude yourself, you are choosing to remain in the Class.  If the Settlement is approved and becomes final, all of the Court's orders will apply to you and legally bind you.  You won't be able to sue, or be part of any other lawsuit, legal proceeding, or claim against 3M and Defendant's Releasees about the legal issues in this Action and released by the Stipulation of Settlement.

The specific rights you are giving up are called the Released Plaintiffs' Claims (see Question 11).  You are giving up the Released Plaintiffs' Claims against 3M and the Defendant's Releasees.  The Defendant's Releasees are 3M and its officers, directors, shareholders, owners, partners, employees, agents, representatives, attorneys, insurers, suppliers, distributors, employees and representatives of distributors, sellers of products, predecessors, successors, and assigns, and all affiliated, parent, and subsidiary corporations, and all persons and entities who might have claims for contribution indemnity against 3M or its successors.

| 11. What are the Released Plaintiffs' Claims? |
| --- |

The Released Plaintiffs' Claims are any and all claims, liabilities, demands, actions, and causes of action of every kind and nature whatsoever, whether existing or not existing, asserted or unasserted, liquidated or unliquidated, absolute or contingent, direct or derivative, in law or in equity, arising out of federal, state, foreign, or common law, including Unknown Claims, that any

QUESTIONS?  VISIT www.DentalCrownSettlement.com or CALL 1-833-TBD-TBD1

Class Member or the entities through which the Class Member practices dentistry, their respective heirs, executors, administrators, owners, officers, directors, members, partners, employees, agents, representatives, predecessors, successors, and assigns, and any person or entity that has or claims to have rights through the Class Member (all of them are the "Plaintiffs' Releasing Parties"), have ever had, presently have, or may in the future have or claim to have, against 3M or any of Defendant's Releasees by reason of any matter, event, cause or thing whatsoever arising out of, based in whole or in part upon, relating to, or existing by reason of: (a) the placement and/or use of Lava Ultimate Restorative for crowns, cemented with 3M ESPE cements, 3M ESPE adhesives, or otherwise, including the performance or non-performance of such products; and (b) the facts, circumstances, events, acts, or failures to act alleged in the Action.

Further detail and information about what you are agreeing to and giving up is detailed in the Stipulation of Settlement, which is available at www.DentalCrownSettlement.com or by calling [NUMBER].

## THE LAWYERS REPRESENTING CLASS MEMBERS

### 12. Do I have a lawyer in this case?

Yes, the Court has appointed Daniel C. Hedlund of Gustafson Gluek PLLC and Warren T. Burns of Burns Charest LLP as Class Counsel to represent Class Members for purposes of this Settlement.  You may hire your own lawyer at your own cost and expense if you want someone other than Class Counsel to represent you in this Action.

### 13. How will the lawyers be paid?

Class Counsel will file an application asking the Court to award them attorneys' fees of up to one-third of the Settlement Fund and for reimbursement of costs and expenses of up to $150,000. Class Counsel will also ask the Court to reimburse the costs of administering this Settlement. They also will ask the Court to approve a combined amount of up to $260,000 in service awards to the eighteen Class Representatives.  If awarded, these amounts will be deducted from the Settlement Fund before making any payments to Class Members. Class Counsel's application for attorneys' fees and expenses will be filed with the Court by _____, 2019 and posted on the Settlement website.

The Court may award less than these amounts.

## EXCLUDING YOURSELF FROM THE SETTLEMENT

### 14. How do I get out of the Settlement?

If you are a Class Member and want to keep any right you may have to sue or continue to sue the 3M or the Defendant's Releasees on your own based on the claims raised in this Action or the matters covered by Released Plaintiffs' Claims, then you must take steps to get out of the Settlement.  This is called excluding yourself from – or "opting out" of – the Settlement.  To exclude yourself from the Class and the Settlement, you must submit a request for exclusion.  Such

a request for exclusion must: (a) state the name and address of the person or entity requesting exclusion; (b) be signed by the person requesting exclusion, or by an authorized representative of the entity requesting exclusion; and (c) be mailed to the Claims Administrator at the address below, postmarked no later than _____ __, 2019:

<div align="center">[ADDRESS]</div>

You cannot exclude yourself by telephone or by email.  If you ask to be excluded, you will not receive a Settlement payment, and you cannot object to the Settlement.  If you ask to be excluded in conformity with this notice, you will not be legally bound by anything that happens in this Action.

| 15. If I do not exclude myself, can I sue 3M for the same thing later? |
| --- |

No.  Unless you exclude yourself, you give up any right to sue 3M or Defendant's Releasees for the claims that this Settlement resolves.  You must exclude yourself from this Action to start or continue with your own lawsuit, to be part of any other lawsuit, or to make any other claims or demands against 3M or the Defendant's Releasees.  If you have a pending lawsuit or claim, speak to your lawyer in that case immediately.

<div align="center">OBJECTING TO THE SETTLEMENT</div>

| 16. How do I tell the Court that I do not like the Settlement? |
| --- |

If you are a Class Member, you can tell the Court that you do not agree with all or any part of the Settlement, or Class Counsel's motion for attorneys' fees and Litigation Expenses, or any service awards to the Class Representatives, and that you think the Court should not approve the Settlement, by mailing a letter stating that you object to the Settlement in *Bhatia, et al. v. 3M Company*, File No. 0:15-cv-01304-DWF-DTS.  You must include your (a) name, (b) address, (c) telephone number, (d) signature, (e) statement containing all of the reasons you object to the Settlement, and (f) documents sufficient to prove your membership in the Class.  You must also include copies of any documents you wish the Court to consider.  Mail the objection to all four addresses listed below, postmarked by no later than _____ __, 2019, so the Court will consider your views:

| The Court | Plaintiffs' Counsel | 3M's Counsel |
| --- | --- | --- |
| Clerk of the Court<br>United States District Court<br>District of Minnesota<br>[ADDRESS] | Daniel C. Hedlund<br>GUSTAFSON GLUEK PLLC<br>120 S. 6th St., Ste. 2600<br>Minneapolis, MN 55402<br><br>*and*<br><br>Warren T. Burns<br>BURNS CHAREST LLP<br>900 Jackson St., Ste. 500<br>Dallas, TX 75202 | Wendy J. Wildung<br>FAEGRE BAKER DANIELS LLP<br>2200 Wells Fargo Center<br>90 South Seventh Street<br>Minneapolis, MN 55402 |

<div align="center">QUESTIONS?  VISIT www.DentalCrownSettlement.com or CALL 1-833-TBD-TBD1</div>

### 17. What is the difference between objecting and requesting exclusion?

Objecting is simply telling the Court you do not like something about the Settlement. You can object only if you stay in the Class (meaning, you do not exclude yourself). Requesting exclusion is telling the Court you do not want to be part of the Class or the Settlement. If you exclude yourself, you cannot object to the Settlement because it no longer affects you.

## THE COURT'S FAIRNESS HEARING

### 18. When and where will the Court decide whether to approve the Settlement?

The Court will hold a Fairness Hearing on _____, 2019 at _____ .m. before The Honorable Donovan W. Frank, United States District Judge for the District of Minnesota, Courtroom ___, Warren E. Burger Federal Building, 316 N. Robert Street, St. Paul, Minnesota 55101.

At this hearing, the Court will consider whether the Settlement is fair, reasonable, and adequate and whether to approve the Settlement. If there are objections, the Court will consider them, and the Court will listen to people who have asked to speak at the hearing. The Court may also decide how much to award Class Counsel for attorneys' fees and Litigation Expenses, and whether to make service awards to the Class Representatives.

If you wish to attend the Fairness Hearing and be heard orally in opposition to the Settlement, the Plan of Distribution, the application for attorneys' fees and Litigation Expenses, and/or the request for payment of service awards to the Class Representatives, you must indicate in your written objection, submitted as described in Question 16, that you intend to appear at the Fairness Hearing. Your written objection must identify any witnesses you may call to testify or exhibits you intend to introduce into evidence at the Fairness Hearing.

### 19. Do I have to come to the Fairness Hearing?

No. Class Counsel will answer any questions the Court may have. You are, however, welcome to attend at your own expense. If you send an objection, you do not have to come to Court to talk about it. As long as you mail your written objection as described in Question 16 and it is received on time, the Court will consider it.

### 20. May I speak at the Fairness Hearing?

Yes. If you wish to attend and speak at the Fairness Hearing, you must indicate this in your written objection (see Question 16). Your written objection must state that it is your intention to appear at the Fairness Hearing, and you must identify any witnesses you may call to testify or exhibits you intend to introduce at the Fairness Hearing. If you plan to have your attorney speak for you

at the Fairness Hearing, your objection must also include your attorney's name, address, and phone number.

## IF YOU DO NOTHING

| **21. What happens if I do nothing at all?** |
| --- |

If you are a Class Member and you do nothing, you will remain in the Class and give up the rights explained in Questions 10 and 11.  You will be eligible to receive a Settlement payment, but to receive one you must follow the claims procedures explained in Question 8 and on the Claim Form.

## GETTING MORE INFORMATION

| **22. How do I get more information?** |
| --- |

This notice summarizes the proposed Settlement.  Complete details are provided in the Stipulation of Settlement.  The Stipulation of Settlement and other related documents are available at www.DentalCrownSettlement.com or by calling [TOLL-FREE NUMBER] or by writing to [CLAIMS ADMINISTRATOR ADDRESS].  Publicly-filed documents can also be obtained by visiting the office of the Clerk of the United States District Court for the District of Minnesota or reviewing the Court's online docket.

If you have questions you may contact Class Counsel at [CONTACT INFORMATION].

**Do not contact the Court regarding this notice.  The Court cannot answer any questions.**

**EXHIBIT A-2**

# Notice of Supplemental Claim Period

## <u>D</u>ENTAL <u>C</u>ROWN <u>S</u>ETTLEMENT



*Read this notice carefully. Your legal rights may be affected whether you act or don't act right.*

**If you purchased Lava Ultimate Restorative CAD/CAM blocks made by 3M Company, placed those blocks as crowns before June 15, 2015, and had a patient who experienced any full or partial debonding of those crowns at any time from [DATE] through June 15, 2020, you could get a payment from a $32.5 million class action settlement.**

<div style="background:black;color:white">A court authorized this notice.  This is <u>not</u> a solicitation from a lawyer.</div>

## You must submit a claim to get paid.

| | |
|---|---|
| **What's happened?** | On _____, 2019, the United States District Court for the District of Minnesota (the "Court") approved a class action settlement (the "Settlement") in a case called Bhatia, et al. v. 3M Company, File No. 0:16-cv-01304-DWF-DTS (the "Action"). The Action concerned whether Lava Ultimate Restorative blocks made by 3M Company ("3M") and sold to dentists and dental practices performed as warranted or represented when the blocks were milled and seated as dental crowns. |
| **Didn't I already get a notice?** | The Court previously sent you a notice on [DATE] (the "Notice") because 3M's records indicated that you purchased Lava Ultimate Restorative dental blocks. That Notice explained your legal rights and options and provided instructions for how to file a claim requesting settlement benefits for any full or partial debonds your patients seated with Lava Ultimate Restorative dental crowns experienced and that you repaired or paid to have repaired on or before [DATE]. Claims related to debonds repaired during that period were due by [DATE] and may no longer be submitted.<br><br>The Notice also explained that claims related to any full or partial debonds that you repaired or paid to have repaired at any time from [DATE] through June 15, 2020 must be filed after June 15, 2020 and by [DATE].  The Court authorized this supplemental notice to remind you of this second claim period. |

**EXHIBIT A-2**

| | |
|---|---|
| **What do I do now?** | If you purchased Lava Ultimate Restorative, seated dental crowns milled from those blocks before June 15, 2015, and one or more of your patients experienced one or more full or partial debonds that you repaired or paid to have repaired at any time from [DATE] through June 15, 2020, **you must submit a Supplemental Claim Form and any supporting documentation after June 15, 2020 and by September 15, 2020 to receive a payment.** You can submit a Supplemental Claim Form quickly and easily online at www.DentalCrownSettlement.com.  If you can't access the internet, we have enclosed a hard copy Supplemental Claim Form with this supplemental notice that you can use if necessary. |
| **What can I get now?** | As was the case during the initial claim period, you may elect one of two ways to value your supplemental claim for each full or partial debond. You can choose to claim (1) a fixed amount of $250 per debond or (2) an amount higher than $250 per debond for unreimbursed, out-of-pocket loss caused by a debond. To make either kind of claim, you must provide the information and documents listed in the Supplemental Claim Form for that kind of claim.<br><br>After making payments for eligible claims filed for debonds repaired before [DATE], there remains approximately $_____ to pay claims related to debonds repaired at any time from [DATE] through June 15, 2020. The amount that you receive will depend upon the total dollar value of valid supplemental claims submitted. If the total dollar value of supplemental claims exceeds $_____, each eligible claimant's award will be reduced proportionately. For example, if the award represents 1% of the total amount of all awards, then the claimant will receive 1% of the funds distributed. |
| **When and where will I get my check?** | If you submit a valid supplemental claim, you will receive a payment in the form of a check mailed to you on or around [DATE] at the address provided on your Supplemental Claim Form. If you plan to move near or after [DATE], you will need to notify the Claims Administrator promptly in writing of your new address. |
| **How do I get more information?** | For additional information about the Settlement and how to submit a Supplemental Claim.<br><br>• Visit the Settlement website at www.DentalCrownSettlement.com;<br>• Call the Settlement program's toll-free number at [TOLL-FREE NUMBER];<br>• Write to the Claims Administrator at [CLAIMS ADMINISTRATOR ADDRESS].<br><br>If you have additional questions, you may contact Class Counsel at [CONTACT INFORMATION].<br><br>Publicly-filed documents about the Action can also be obtained by visiting the office of the Clerk of the United States District Court for the District of Minnesota or reviewing the Court's online docket. |

**Do not contact the Court regarding this notice.  The Court cannot answer any questions.**

QUESTIONS?  VISIT www.DentalCrownSettlement.com or CALL 1-833-TBD-TBD1

US.122490170.02

# Dental Crown Settlement

### *Bhatia v. 3M Co.*, No. 0:16-cv-01304
### U.S. District Court for the District of Minnesota

## CLAIM FORM
### For Full or Partial Debonds Repaired on or before [DATE]

Complete this Claim Form if you are a dentist or dental practice in the United States, Commonwealth of Puerto Rico, U.S. Virgin Islands, or Guam who purchased 3M ESPE Lava Ultimate CAD/CAM Restorative ("Lava Ultimate"), applied the product as a dental crown before June 15, 2015, and had patients who experienced one or more full or partial debonds that you repaired or paid to have repaired on or before [DATE].

You can submit an electronic Claim Form in just a few quick and easy steps on the settlement website at www.DentalCrownSettlement.com. The online filing system is quicker, more efficient, and will ask you only those questions required for your claim.

If you cannot submit your claim online, complete, sign, and return this Claim Form to:  Dental Crown Settlement Claims Administrator, P.O. Box [xxxxx], Richmond, VA [xxxxx].

You must submit your Claim Form online at www.DentalCrownSettlement.com or mail it postmarked on or before [DATE].

## I.   CLAIMANT INFORMATION

The Claims Administrator will use this information for all communications relevant to this claim. If your contact information changes, you must notify the Claims Administrator in writing at the mailing or email address above. **While both dentists and dental practices are eligible to participate in the Settlement, the person or entity that made the purchase of Lava Ultimate should file the claim. In other words, if the practice made the purchase, the practice is the correct Claimant Name to enter below. Duplicate claims will not be allowed.**

| | | | |
|---|---|---|---|
| **Notice ID**<br>(Your unique Notice ID appears on the envelope that enclosed your Class Notice.) | | | |
| **Claimant Name**<br>(The Claimant is the entity or person who purchased Lava Ultimate.) | Last Name/Business Name | First Name | Middle Name |
| **Name and Title of Person Filling Out this Form** | Last Name | First Name | Middle Name / Title |
| **Taxpayer Identification Number** | _ _ _ _ _ _ _ _ _ _ | **Telephone Number** | (____) _____-_____ |
| **Mailing Address** | Street/P.O. Box | | |
| | City | State | Zip |
| **Contact Email**<br>(By providing an email address, you are authorizing the Claims Administrator to provide you with information relevant to your claim by email.) | | | |

## II.    BASIC CLAIM INFORMATION

Tell us about the 3M ESPE Lava Ultimate CAD/CAM Restorative blocks you purchased, returned, and seated as crowns.

### QUESTION 1: BLOCKS PURCHASED

| How many 3M ESPE Lava Ultimate CAD/CAM Restorative blocks did you purchase from 3M or a third-party dental supply company prior to June 15, 2015? | |
|---|---|

### QUESTION 2: 3M BUYBACK PROGRAM (BLOCKS RETURNED)

| Of the number of 3M ESPE Lava Ultimate CAD/CAM Restorative blocks stated in response to Question No. 1, how many did you return to 3M or a third-party dental supply company? | |
|---|---|

### QUESTION 3: BLOCKS SEATED AS CROWNS

| How many 3M ESPE Lava Ultimate CAD/CAM Restorative blocks did you seat as crowns prior to June 15, 2015? | |
|---|---|

### QUESTION 4: TOTAL DEBONDS REPAIRED

| How many of the crowns stated in response to Question No. 3 debonded and were repaired on or before [DATE]? | |
|---|---|

## III.    CLAIM TYPE ELECTIONS

For each repaired debond listed in response to Question No. 4, you may request (1) a Fixed Amount of $250, which requires no supporting documentation, or (2) the Documented Amount of your actual out-of-pocket losses that you incurred as a result of the debond, which does require supporting documentation for each affected tooth.

You may NOT make a claim for both a Fixed Amount and a Documented Amount for the same debond.

### A.  FIXED AMOUNT CLAIM INFORMATION

This section relates to the repaired debonds for which you are making a claim for a Fixed Amount. You do not need to provide any supporting documentation for these debonds.

### QUESTION 5: FIXED AMOUNT DEBONDS

| Of the total number of repaired debonds stated in response to Question No. 4, for how many are you requesting the Fixed Amount of $250 per debond? If you are claiming a Fixed Amount for all your debonds, you may skip Section IV.B. | |
|---|---|

### B.  DOCUMENTED AMOUNT CLAIM INFORMATION

This section relates to the repaired debonds for which you are making a claim for a Documented Amount. You must provide supplemental information and supporting documentation for each of these debonds.  Answer Question Nos. 6 and 7, complete the Documented Amount Claim Table on page 5, and confirm that you have included all required documentation listed in the "Required Proof for Documented Amount Claims" section of this Claim Form.

### QUESTION 6: DOCUMENTED AMOUNT DEBONDS

Questions? Call Toll-Free [Toll-Free Number] or Visit www.DentalCrownSettlement.com

US.122490175.03                                                                                   2

Of the total number of repaired debonds stated in response to Question No. 4, for how many are you requesting the Documented Amount?   [Note: The sum of the numbers provided in response to Question Nos. 5 and 6 must not exceed the number stated in response to Question No. 4.]

## QUESTION 7: TOTAL DOCUMENTED AMOUNT CLAIM

What is the total out-of-pocket loss you are claiming as a result of the repaired debonds identified in your response to Question No. 6?

## REQUIRED PROOF FOR DOCUMENTED AMOUNT CLAIMS

You must submit a Documented Amount Claim Form Support Package that includes all required documents **for every repaired debond for which you are requesting a Documented Amount.** Check the boxes below to confirm that your proof shows the following for each affected tooth:

☐   Placement of a Lava Ultimate crown prior to June 15, 2015;

☐   Patient billing records relating to each such placement, and relating to all subsequent procedures for the tooth, including any records of payments received from the patient, an insurance provider, or other, if applicable;

☐   A debond, including contemporaneous notes or records that show the debond or indications that repairs, reseating, replacement, or other patient treatment was necessary;

☐   Unreimbursed costs spent repairing the debond or otherwise treating the patient as a result of the debond, including material costs and costs to the Authorized Claimant for dental work performed by a specialist (e.g., root canals, gingivectomy procedures, extractions, or implants); and

☐   Any additional unreimbursed out-of-pocket costs attributed to the debond that can properly be documented.

Such documents include patient treatment notes and records, digital images, patient billing and payment records, any applicable insurance records, and records of any costs you incurred and paid in repairing the debond, treating the patient, or having the patient treated by another dentist or specialist.

You must number every page of your Documented Amount Claim Form Support Package and reference those page numbers in Column H of the Documented Amount Claim Table on page 5 of this Claim Form.

## DOCUMENTED AMOUNT CLAIM TABLE

Complete the Documented Amount Claim Table on page 5. You must complete one row per debond for which you are requesting a Documented Amount. If you need more space, copy the Document Amount Claim Table, fill it out, and attach it to this Claim Form.

## IV.   CONFIDENTIALITY

All information you submit will be kept confidential by the Claims Administrator and counsel for the Parties. It will not be used for any purpose other than administering your claim and determining the amount, if any, of your payment.   It will not be disclosed to anyone except the Claims Administrator, counsel for the Parties, and potentially a retired United States Magistrate Judge, whom the Stipulation of Settlement appoints to be the final decision-maker on any disputes concerning your claim.

## V.   AGREEMENTS AND RELEASE OF CLAIMS

**By submitting this Claim Form, I (we) agree to the following under penalty of perjury:**

1. The information in this Claim Form is true and accurate to the best of my (our) knowledge, information, and belief.
2. I (we) am a Class Member in the above-identified action and did not request to be excluded from the Class or the Settlement.
3. I (we) am bound by the terms of the Stipulation of Settlement dated March 25, 2019 ("Stipulation"), on file with the Court in the above-identified action.
4. I (we) submit to the jurisdiction of the United States District Court for the District of Minnesota with respect to my (our) claim as a Class Member.
5. I (we) have read and agree to the release described in paragraph IV(B)(13) of the Stipulation of Settlement, and understand and agree that upon the Effective Date of the Settlement (as defined in paragraph IV(A)(17) of the Stipulation), I (we) will be deemed to have released any and all Released Plaintiffs' Claims (as defined in paragraph IV(A)(25) of the Stipulation) against Defendant 3M Company and Defendant's Releasees (as defined in paragraph IV(A)(16) of the Stipulation) and will permanently barred and enjoined from asserting those claims.
6. I (we) understand that this claim will be subject to review, audit, and verification.
   If further information or documents are required in order to review, audit, and/or verify my (our) claim, I (we) will provide them.
7. I (we) have not submitted any other claim in the above-identified action covering the Debonds, and know of no other person or entity having done so on my (our) behalf.
8. I have not assigned or transferred (or purported to assign or transfer), voluntarily or involuntarily, any matter released by the Settlement.

| Signature | | | Date | | _____ / _____ / _____  (Month/Day/Year) |
|---|---|---|---|---|---|
| Printed Name | First | Middle | Last | | |

**ACCURATE PROCESSING OF CLAIMS MAY TAKE SIGNIFICANT TIME.**
**THANK YOU IN ADVANCE FOR YOUR PATIENCE.**

**THIS CLAIM FORM MUST BE POSTMARKED BY NO LATER THAN _____, 2019.**

US.122490175.03

| DOCUMENTED AMOUNT CLAIM TABLE | | | | | | | |
|---|---|---|---|---|---|---|---|
| You must complete one row per debond for which you are requesting a Documented Amount. If you need more space, copy the Document Amount Claim Table, fill it out, and attach it to this Claim Form. | | | | | | | |
| A | B | C | D | E | F | G | H |
| Debond Incident Number | Patient Identifier (name or number) | Tooth Number | Date of Debond Repair | Total Monetary Loss for Debond | Description of Unreimbursed Out-of-Pocket Costs | Total Amount of Unreimbursed Out-of-Pocket Loss for Debond | Page # of Documented Amount Claim Form Support Package |
| 1. | | | | | | | |
| 2. | | | | | | | |
| 3. | | | | | | | |
| 4. | | | | | | | |
| 5. | | | | | | | |

Questions? Call Toll-Free [Toll-Free Number] or Visit www.DentalCrownSettlement.com

5

US.122490175.03

## Dental Crown Settlement

*Bhatia v. 3M Co.*, No. 0:16-cv-01304
**U.S. District Court for the District of Minnesota**

### SUPPLEMENTAL CLAIM FORM
**For Full or Partial Debonds Repaired at Any Time from [DATE] through June 15, 2020**

Complete this Supplemental Claim Form if you are a dentist or dental practice in the United States, Commonwealth of Puerto Rico, U.S. Virgin Islands, or Guam who purchased 3M ESPE Lava Ultimate CAD/CAM Restorative ("Lava Ultimate"), applied the product as a dental crown before June 15, 2015, and had patients who experienced one or more full or partial debonds that you repaired or paid to have repaired at any time from [DATE] through June 15, 2020.

You can submit an electronic Supplemental Claim Form in just a few quick and easy steps on the settlement website at www.DentalCrownSettlement.com. The online filing system is quicker, more efficient, and will ask you only those questions required for your claim.

If you cannot submit your claim online, complete, sign, and return this Supplemental Claim Form to:  Dental Crown Settlement Claims Administrator, P.O. Box [xxxxx], Richmond, VA [xxxxx].

You must submit your Supplemental Claim Form online at www.DentalCrownSettlement.com or mail it postmarked on or before [DATE], 2020.

### I.   CLAIMANT INFORMATION

The Claims Administrator will use this information for all communications relevant to this claim. If your contact information changes, you must notify the Claims Administrator in writing at the mailing or email address above. **While both dentists and dental practices are eligible to participate in the Settlement, the person or entity that made the purchase of Lava Ultimate should file the claim. In other words, if the practice made the purchase, the practice is the correct Claimant Name to enter below. Duplicate claims will not be allowed.**

| | | | |
|---|---|---|---|
| **Notice ID**<br><br>(Your unique Notice ID appears on the envelope that enclosed your Supplemental Class Notice.) | | | |
| **Claimant Name**<br><br>(The Claimant is the entity or person who purchased Lava Ultimate.) | Last Name/Business Name | First Name | Middle Name |
| **Name and Title of Person Filling Out this Form** | Last Name     First Name | Middle Name | Title |
| **Taxpayer Identification Number** | _ _ _ _ _ _ _ _ _ | **Telephone Number** | (____) _____-_____ |
| | Street/P.O. Box | | |

| Mailing Address | City | State | Zip |
|---|---|---|---|
| | | | |

| **Contact Email**<br>(By providing an email address, you are authorizing the Claims Administrator to provide you with information relevant to your claim by email.) | |

## II.    BASIC CLAIM INFORMATION

Tell us about the 3M ESPE Lava Ultimate CAD/CAM Restorative blocks you purchased, returned, and seated as crowns.

### QUESTION 1: BLOCKS PURCHASED

| How many 3M ESPE Lava Ultimate CAD/CAM Restorative blocks did you purchase from 3M or a third-party dental supply company prior to June 15, 2015? | |
|---|---|

### QUESTION 2: 3M BUYBACK PROGRAM (BLOCKS RETURNED)

| Of the number of 3M ESPE Lava Ultimate CAD/CAM Restorative blocks stated in response to Question No. 1, how many did you return to 3M or a third-party dental supply company? | |
|---|---|

### QUESTION 3: BLOCKS SEATED AS CROWNS

| How many 3M ESPE Lava Ultimate CAD/CAM Restorative blocks did you seat as crowns prior to June 15, 2015? | |
|---|---|

### QUESTION 4: TOTAL DEBONDS REPAIRED

| How many of the crowns stated in response to Question No. 3 debonded and were repaired at any time from [DATE] through June 15, 2020? | |
|---|---|

## III.    CLAIM TYPE ELECTIONS

For each repaired debond listed in response to Question No. 4, you may request (1) a Fixed Amount of $250, which requires no supporting documentation, or (2) the Documented Amount of your actual out-of-pocket losses that you incurred as a result of the debond, which does require supporting documentation for each affected tooth.

You may NOT make a claim for both a Fixed Amount and a Documented Amount for the same debond.

### A.  FIXED AMOUNT CLAIM INFORMATION

This section relates to the repaired debonds for which you are making a claim for a Fixed Amount. You do not need to provide any supporting documentation for these debonds.

### QUESTION 5: FIXED AMOUNT DEBONDS

| Of the total number of repaired debonds stated in response to Question No. 4, for how many are you requesting the Fixed Amount of $250 per debond? If you are claiming a Fixed Amount for all your debonds, you may skip Section IV.B. | |
|---|---|

## B.  DOCUMENTED AMOUNT CLAIM INFORMATION

This section relates to the repaired debonds for which you are making a claim for a Documented Amount. You must provide supplemental information and supporting documentation for each of these debonds.  Answer Question Nos. 6 and 7, complete the Documented Amount Claim Table on page 5, and confirm that you have included all required documentation listed in the "Required Proof for Documented Amount Claims" section of this Supplemental Claim Form.

### QUESTION 6: DOCUMENTED AMOUNT DEBONDS

Of the total number of debonds stated in response to Question No. 4, for how many are you requesting the Documented Amount?   [Note: The sum of the numbers provided in response to Question Nos. 5 and 6 must not exceed the number stated in response to Question No. 4.]

### QUESTION 7: TOTAL DOCUMENTED AMOUNT CLAIM

What is the total out-of-pocket loss you are claiming as a result of the repaired debonds identified in your response to Question No. 6?

### REQUIRED PROOF FOR DOCUMENTED AMOUNT CLAIMS

You must submit a Documented Amount Claim Form Support Package that includes all required documents **for every repaired debond for which you are requesting a Documented Amount.**  Check the boxes below to confirm that your proof shows the following for each affected tooth:

☐    Placement of a Lava Ultimate crown prior to June 15, 2015;

☐    Patient billing records relating to each such placement, and relating to all subsequent procedures for the tooth, including any records of payments received from the patient, an insurance provider, or other, if applicable;

☐    A debond, including contemporaneous notes or records that show the debond or indications that repairs, reseating, replacement, or other patient treatment was necessary;

☐    Unreimbursed costs spent repairing the debond or otherwise treating the patient as a result of the debond, including material costs and costs to the Authorized Claimant for dental work performed by a specialist (e.g., root canals, gingivectomy procedures, extractions, or implants); and

☐    Any additional unreimbursed out-of-pocket costs attributed to the debond that can properly be documented.

Such documents include patient treatment notes and records, digital images, patient billing and payment records, any applicable insurance records, and records of any costs you incurred and paid in repairing the debond, treating the patient, or having the patient treated by another dentist or specialist.

You must number every page of your Documented Amount Claim Form Support Package and reference those page numbers in Column H of the Documented Amount Claim Table on page 5 of this Supplemental Claim Form.

### DOCUMENTED AMOUNT CLAIM TABLE

**Questions? Call Toll-Free [Toll-Free Number] or Visit www.DentalCrownSettlement.com**

3

Complete the Documented Amount Claim Table on page 5. You must complete one row per debond for which you are requesting a Documented Amount. If you need more space, copy the Document Amount Claim Table, fill it out, and attach it to this Supplemental Claim Form.

## IV.    CONFIDENTIALITY

All information you submit will be kept confidential by the Claims Administrator and counsel for the Parties. It will not be used for any purpose other than administering your claim and determining the amount, if any, of your payment.  It will not be disclosed to anyone except the Claims Administrator, counsel for the Parties, and potentially a retired United States Magistrate Judge, whom the Stipulation of Settlement appoints to be the final decision-maker on any disputes concerning your claim.

## V.    AGREEMENTS AND RELEASE OF CLAIMS

**By submitting this Supplemental Claim Form, I (we) agree to the following under penalty of perjury:**

1.  The information in this Supplemental Claim Form is true and accurate to the best of my (our) knowledge, information, and belief.
2.  I (we) am a Class Member in the above-identified action and did not request to be excluded from the Class or the Settlement.
3.  I (we) am bound by the terms of the Stipulation of Settlement dated March 25, 2019 ("Stipulation"), on file with the Court in the above-identified action.
4.  I (we) submit to the jurisdiction of the United States District Court for the District of Minnesota with respect to my (our) claim as a Class Member.
5.  I (we) have read and agree to the release described in paragraph IV(B)(13) of the Stipulation of Settlement, and understand and agree that upon the Effective Date of the Settlement (as defined in paragraph IV(A)(17) of the Stipulation), I (we) will be deemed to have released any and all Released Plaintiffs' Claims (as defined in paragraph IV(A)(25) of the Stipulation) against Defendant 3M Company and Defendant's Releasees (as defined in paragraph IV(A)(16) of the Stipulation) and will permanently barred and enjoined from asserting those claims.
6.  I (we) understand that this claim will be subject to review, audit, and verification.
    If further information or documents are required in order to review, audit, and/or verify my (our) claim, I (we) will provide them.
7.  I (we) have not submitted any other claim in the above-identified action covering the Debonds, and know of no other person or entity having done so on my (our) behalf.
8.  I have not assigned or transferred (or purported to assign or transfer), voluntarily or involuntarily, any matter released by the Settlement.

| Signature | | Date | _____/_____/_____<br>(Month/Day/Year) |
|---|---|---|---|
| Printed Name | First                          Middle | Last | |


**ACCURATE PROCESSING OF CLAIMS MAY TAKE SIGNIFICANT TIME.**
**THANK YOU IN ADVANCE FOR YOUR PATIENCE.**


**THIS SUPPLEMENTAL CLAIM FORM MUST BE POSTMARKED BY NO LATER THAN_____, 2020.**
**Questions? Call Toll-Free [Toll-Free Number] or Visit www.DentalCrownSettlement.com**

| | | | | | | | |
|---|---|---|---|---|---|---|---|
| **DOCUMENTED AMOUNT CLAIM TABLE** You must complete one row per debond for which you are requesting a Documented Amount. If you need more space, copy the Document Amount Claim Table, fill it out, and attach it to this Supplemental Claim Form. | | | | | | | |
| A | B | C | D | E | F | G | H |
| Debond Incident Number | Patient Identifier (name or number) | Tooth Number | Date of Debond Repair | Total Monetary Loss for Debond | Description of Unreimbursed Out-of-Pocket Costs | Total Amount of Unreimbursed Out-of-Pocket Loss for Debond | Page # of Documented Amount Claim Form Support Package |
| 1. | | | | | | | |
| 2. | | | | | | | |
| 3. | | | | | | | |
| 4. | | | | | | | |
| 5. | | | | | | | |

Questions? Call Toll-Free [Toll-Free Number] or Visit www.DentalCrownSettlement.com

5

Questions? Call Toll-Free [Toll-Free Number] or Visit www.DentalCrownSettlement.com

6

## PLAN OF DISTRIBUTION

### *Bhatia, et al. v. 3M Company,* File. No. 0:16-cv-01304-DWF-DTS
### (U.S. District Court, D. Minn.)

1.    Claim periods:  There will be two claim periods.  The Claim Period[1] will cover full or partial debonds that the Class Member repaired or paid to have repaired on or before the Bar Date.  The Supplemental Claim Period will cover full or partial debonds that the Class Member repaired or paid to have repaired after the Bar Date and on or before June 15, 2020.

2.    Debonds:  A Class Member may make claims for dental crowns that the Class Member milled from 3M ESPE Lava Ultimate CAD/CAM Restorative and seated on or before June 15, 2015, where the patient experienced one or more full or partial debonds ("Debonds") on or before June 15, 2020.

3.    Use of Claim Form and Supplemental Claim Form:  Each Class Member may submit a Claim Form for any Debonds that the Class Member repaired or paid to have repaired during the Claim Period.  Each Class Member may submit a Supplemental Claim Form for any Debonds that the Class Member repaired or paid to have repaired during the Supplemental Claim Period.  Class Members may submit claims in one or both periods; it is not required to have submitted a Claim Form in order to submit a Supplemental Claim Form.

---

[1] This Plan of Distribution incorporates by reference the definitions in the Stipulation of Settlement (the "Stipulation") dated March 25, 2019, and all capitalized terms used, but not defined herein, shall have the same meanings as in the Stipulation.

4.      <u>Choice of making claim in a Fixed Amount or a Documented Amount:</u>  For each Debond, the Claimant may claim either a Fixed Amount of $250 or a Documented Amount.  The Documented Amount is the amount of unreimbursed out-of-pocket loss that the Claimant is able to show, through provision of the information and documents required by the Claim Form and/or the Supplemental Claim Form, that the Claimant incurred as a result of the Debond.  For purposes of the Settlement, out-of-pocket loss includes all unreimbursed losses incurred in reseating or repairing a Debond or otherwise treating a patient harmed as a result of a Debond, but does not include any loss related to diminution in goodwill or loss of business profits or customers.  A Documented Amount claim will not be less than $250, provided that the Claimant fully and accurately meets all of the requirements set forth in paragraph 6.  An Authorized Claimant may submit claims for both Fixed Amounts and Documented Amounts.

5.      <u>Review of Claim Forms and Supplemental Claim Forms:</u>  Claim Forms and Supplemental Claim Forms will be reviewed as follows:

(a) The Claims Administrator will review all Claim Forms and Supplemental Claim Forms to determine whether the Claimant is a Class Member, has fully and accurately completed the form, has submitted all required documents and other information, and has signed the form.  Only Claimants who meet these requirements will become Authorized Claimants.

(b) The Claims Administrator will review claims submitted for a Fixed Amount and will make a determination with respect to each Authorized

Claimant as to the total amount allowed for that Authorized Claimant on

Fixed Amount claims, if any ("Allowed Fixed Amount").

(c) The Claims Administrator will make an initial review, and a Settlement

Counsel Review Committee ("SCRC") comprised of five lawyers

appointed by Class Counsel will make a final review, of claims submitted

for a Documented Amount, and will make a determination with respect to

each Authorized Claimant as to the total amount allowed for that

Authorized Claimant on Documented Amount claims, if any ("Allowed

Documented Amount").

(d) Before any distributions are made from the Net Settlement Fund, each

Authorized Claimant will be given notice as provided in ¶ IV(D)(16)(d) of

the Stipulation of Settlement if all or any part of its claim has not been

allowed.  The notice will include the amounts that have been determined to

be its Allowed Fixed Amount and/or its Allowed Documented Amount, and

a brief statement as to the basis for those determinations.  An Authorized

Claimant who wishes to contest such determination(s) must, within 20 days

of the date of mailing of the notice, serve upon the Claims Administrator

the materials described in paragraph ¶ IV(D)(16)(e) of the Stipulation of

Settlement.  If a dispute concerning a Claim Form or Supplemental Claim

Form cannot be otherwise resolved, Class Counsel shall thereafter present

the request for review to retired Magistrate Judge Arthur J. Boylan, whose

decision on the Claim Form and/or Supplemental Claim Form shall be

issued within 30 days and shall be binding upon all Parties, including Class

Members, without right of appeal.

6.     Requirements for Fixed Amount claims:  In addition to demonstrating it is

an Authorized Claimant (*see* paragraph 5(a) above), a Claimant who makes a Fixed

Amount claim for a Debond must submit a signed statement on the Claim Form and/or

Supplemental Claim Form, made under penalty of perjury, of the total numbers of (a)

Lava Ultimate blocks purchased by it during the applicable claim period, (b) Lava

Ultimate blocks seated as crowns during the applicable claim period, (c) Debonds during

the applicable claim period, and (d) Lava Ultimate blocks returned to 3M or a dental

supply company during the applicable claim period.  This information may be audited

for accuracy.

7.     Requirements for Documented Amount claims:  In addition to

demonstrating it is an Authorized Claimant (*see* paragraph 5(a) above), a Claimant who

makes a Documented Amount claim for a Debond must submit the same information as

stated in paragraph 6 above, plus documentation and evidence of the following on a

tooth-by-tooth basis:

> (a) placement of a Lava Ultimate crown prior to June 15, 2015;

> (b) patient billing records relating to each such placement, and relating to
> all subsequent procedures for the tooth, including any records of
> payments received from the patient, an insurance provider, or other, if
> applicable;

(c) a Debond, including contemporaneous notes or records that show the Debond or indicate that repairs, reseating, replacement, or other patient treatment was necessary;

(d) unreimbursed costs spent repairing the Debond or otherwise treating the patient as a result of the Debond, including material costs and costs to the Authorized Claimant for dental work performed by a specialist (e.g., root canals, gingivectomy procedures, extractions, or implants); and

(e) any additional unreimbursed out-of-pocket costs attributed to the Debond that can properly be documented.

8. <u>Final Allowed Claim of an Authorized Claimant:</u>  The determinations made as a result of the processes described in paragraph 5 above will result in each Authorized Claimant having a Final Allowed Claim for the Claim Period based upon the Claim Form, and/or a Final Allowed Claim for the Supplemental Claim Period based upon the Supplemental Claim Form.  An Authorized Claimant's Final Allowed Claim for a claim period will be the sum of its Allowed Fixed Amount and its Allowed Documented Amount for that claim period.

9. <u>Subfunds of the Net Settlement Fund:</u>  The Net Settlement Fund will be divided into two subfunds.  The Primary Subfund will be comprised of 90% of the Net Settlement Fund.  The Supplemental Subfund will be comprised of 10% of the Net Settlement Fund, plus any amounts remaining from the Primary Subfund after Distribution 1 (defined in paragraph 10 below).

10.    <u>Distribution of the Primary Subfund:</u> After completion of the review process for Claim Forms described in paragraph 5 above, the Claims Administrator will add together all Final Allowed Claims from the Claim Period to calculate the Aggregate Final Allowed Claims amount for the Claim Period.

     a.    If the Aggregate Final Allowed Claims amount for the Claim Period is less than the Primary Subfund, each Authorized Claimant will be entitled to receive their Final Allowed Claim for the Claim Period.

     b.    If the Aggregate Final Allowed Claims amount for the Claim Period is greater than the Primary Subfund, each Authorized Claimant will be entitled to receive a portion of the Primary Subfund that represents the same percentage of the Primary Subfund as the Authorized Claimant's Final Allowed Claim from the Claim Period represents as a percentage of the Aggregate Final Allowed Claims for the Claim Period ("Distribution 1").

After any appeals are fully resolved, the Claims Administrator shall disburse Distribution 1 from out of the Primary Subfund.

11.    <u>Distribution of the Supplemental Subfund:</u>  After completion of the review process for Supplemental Claim Forms described in paragraph 5 above, the Claims Administrator will add together all Final Allowed Claims from the Supplemental Claim Period to calculate the Aggregate Final Claims Amount for the Supplemental Claim Period.

a.  If the Aggregate Final Allowed Claims amount for the Supplemental Claim Period is less than the Supplemental Subfund, each Authorized Claimant will be entitled to receive their Final Allowed Claim for the Supplemental Claim Period.

b.  If the Aggregate Final Allowed Claims amount for the Supplemental Claim Period is greater than the Supplemental Subfund, each Authorized Claimant will be entitled to receive a portion of the Supplemental Subfund that represents the same percentage of the Supplemental Subfund as the Authorized Claimant's Final Allowed Claim from the Supplemental Claim Period represents as a percentage of the Aggregate Final Allowed Claims for the Supplemental Claim Period ("Distribution 2").

After any appeals are fully resolved, the Claims Administrator shall disburse Distribution 2 from out of the Supplemental Subfund.

12.   Handling of distribution checks:  The Claims Administrator will mail distribution checks to Authorized Claimants on the "Check Issuance Date" that, for Claim Forms filed during the Claim Period, occurs thirty (30) days after the later of the Effective Date or the determination of all Final Allowed Claims and that, for Supplemental Claim Forms filed during the Supplemental Claim Period, occurs thirty (30) days after the later of the Effective Date or the determination of all Final Allowed Claims.  All distribution checks, including any reissued checks, will expire 121 days after the Check Issuance Date for the relevant claim period (the "Check Expiration Date").  Any distribution check not cashed or deposited before the Check Expiration

7

Date will be voided.  For any distribution checks returned to the Claims Administrator as undeliverable (including, but not limited to, when the intended recipient is no longer located at the address) forty-five (45) days or more before the Check Expiration Date, the Claims Administrator will make reasonable efforts to find a valid address and resend the distribution check approximately thirty (30) days before the Check Expiration Date.  In no event will an Authorized Claimant be permitted to cash a prior-round check once the Claims Administrator has issued checks during a subsequent round, or the value of uncashed checks has been paid to the *cy pres* recipient(s).  The Claims Administrator will make reasonable and diligent efforts to have Authorized Claimants cash their distribution checks.

13.    <u>Distribution of Remaining Funds, if any:</u>  If monies remain in the Net Settlement Fund after Distribution 2 ("Remaining Funds") from lack of claims or uncashed checks, Class Counsel will make a proposal to the Court for what to do with Remaining Funds, with the priority focused on additional distributions to Class Members if it is cost-effective to do so.  If it is not cost-effective, Class Counsel will propose that remaining funds be distributed to non-profit *cy pres* recipients focused on dental health and/or consumer protection.  3M will be entitled to be heard on the question of who the *cy pres* recipients should be.

**EXHIBIT B**

## UNITED STATES DISTRICT COURT
## DISTRICT OF MINNESOTA

| | |
|---|---|
| Vikram Bhatia, D.D.S., et al., on behalf of themselves and all others similarly situated,<br><br>    Plaintiffs,<br><br>v.<br><br>3M Company,<br><br>    Defendants. | Case No. 0:16-cv-01304-DWF-DTS<br><br>**[PROPOSED] ORDER FOR<br>FINAL JUDGMENT** |

**WHEREAS**, the Parties to the above-described class action (the "Action") entered into a Stipulation of Settlement dated as of March 25, 2019 (the "Stipulation" or "Settlement"); and

**WHEREAS**, on _____, 2019, the Court entered an Order Preliminarily Approving Settlement, which, inter alia; (i) preliminarily approved the Settlement; (ii) determined that, for purposes of the settlement only, the Action should proceed as a class action pursuant to Rules 23(a) and 23(b)(3) of the Federal Rules of Civil Procedure, on behalf of a class consisting of all dentists or dental practices in the United States, Commonwealth of Puerto Rico, U.S. Virgin Islands, and Guam who purchased 3M's Lava Ultimate Restorative, applied the product as a dental crown, and had patients who experienced one or more full or partial debonds on or before June 15, 2020, excluding persons and entities who submitted valid and timely requests for exclusion pursuant to the Notice ordered by the Court and persons and entities who released their claims against Defendant in connection with private individual settlements ("Class");

(iii) appointed Angela Ferrari, D.D.S., Angela M. Ferrari, D.D.S., Inc., Edward Shapiro,

**EXHIBIT B**

D.D.S., Pacific Holistic Dental, Inc., Jerry Yu, D.D.S., Jerry Yu Dental Corp. d/b/a Grand

Avenue Smiles, James Lewis D.M.D., James C. Lewis, D.M.D., P.A., Lazaro Fernandez,

D.D.S., Lazaro Fernandez, D.D.S., P.A., d/b/a Fernandez Dental Center-Miami Lakes

Fernandez Dental Office, Vikram Bhatia, D.D.S., Jeffrey Chen, D.D.S., Brookhaven

Dental Associates, P.C., Johns Creek Dental Associates, P.C., Justin Ebersole, D.D.S.,

Parsons Dental Care, LLC, Mike Henrickson, D.D.S., Dr. Myron Henrickson,

Henrickson Dental PLC, Mary Gadbois, D.D.S., Cherry Hill Dental Associates, Inc.,

Dominick Lembo, D.M.D., Dr. Dominick Lembo, D.M.D., P.C. d/b/a Belmont Dental

Associates, Jonathan Banker, D.D.S., Banker Dental Associates, P.A., Dr. Timothy

Rauch, D.D.S., Desert Ridge Dental, Anthony J. Peppy D.D.S., Samuel Peppy D.D.S.,

Peppy Dental, Paul Bookman, D.M.D., Bryn Mawr Dental Associates, LTD, David

Dudzinski, D.D.S, D&N Dental PLLC d/b/a Creekview Dental, Bruce Sherrill, D.D.S.,

Brent Robinson D.D.S., Robinson Dental P.S., Sean Couch D.D.S., and Sean M. Couch

D.D.S. P.S. d/b/a Kingston Dental as Class Representatives; (iv) appointed Daniel C.

Hedlund of Gustafson Gluek PLLC and Warren T. Burns of Burns Charest LLP as Class

Counsel; (v) approved the form and manner of notice of the Settlement to members of the

Class ("Class Members"); (vi) directed that appropriate notice of the Settlement be given

to the Class; and (vii) set a hearing date to consider final approval of the Settlement; and

      **WHEREAS**, notice of the Settlement was provided to Class Members in

accordance with the Court's Preliminary Approval Order, including by individual mailed

Notice to all Class Members who were identified through Defendant's records; and

**EXHIBIT B**

**WHEREAS**, a notice of the Settlement was mailed to government officials as described in 28 U.S.C. § 1715; and

**WHEREAS**, on _____, 2019, at _____ _.m., at the United States District Court for the District of Minnesota, Courtroom ___, Warren E. Burger Federal Building, 316 N. Robert Street, St. Paul, Minnesota 55101, The Honorable Donovan W. Frank held a hearing to determine whether the Settlement was fair, reasonable, and adequate to the Class ("Fairness Hearing"); and

**WHEREAS**, based on the foregoing, having considered the papers filed and proceedings held in connection with the Settlement, having considered all of the other files, records, and proceedings in the Action, and being otherwise fully advised,

**THE COURT HEREBY FINDS AND CONCLUDES** that:

A.     This Court has jurisdiction over the subject matter of the Action and over all Parties to the Action, including all Class Members.

B.     This Order incorporates the definitions in the Stipulation, and all terms used in the Order have the same meanings as set forth in the Stipulation, unless otherwise defined herein.

C.     The Notice given to the Class in accordance with the Preliminary Approval Order was the best notice practicable under the circumstances of this Action, and constituted due and sufficient notice of the proceedings and matters set forth therein, including of the Settlement, to all persons entitled to notice.  The notice fully satisfied the requirements of due process, Rule 23 of the Federal Rules of Civil Procedure, and all other applicable law and rules.

**EXHIBIT B**

D.      The notice to government officials, as given, complied with 28 U.S.C.

§ 1715.

E.      The Settlement set forth in the Stipulation (i) is in all respects fair,

reasonable, and adequate to the Class, (ii) was the product of informed, arms'-length

negotiations among competent, able counsel, and (iii) was made based upon a record that

is sufficiently developed and complete to have enabled the Class Representatives and

Defendant to adequately evaluate and consider their positions.

F.      The Plan of Distribution proposed by the Parties is fair, reasonable, and

adequate.

G.      The Class Representatives have fairly and adequately represented the

interests of Class Members in connection with the Settlement.

H.      The persons and entities who have timely and validly filed requests for

exclusion from the Class are identified in Exhibit 1 attached hereto ("Excluded Persons").

I.      The Class Representatives and the Class Members, each and all of them,

are hereby bound by the terms of the Settlement set forth in the Stipulation.

**NOW, THEREFORE, IT IS HEREBY ORDERED AND ADJUDGED** that:

1.      The Settlement set forth in the Stipulation of Settlement is fair, reasonable

and adequate to the Class.  Accordingly, the Court authorizes and directs implementation

of all terms and provisions of the Stipulation.

2.      All Parties to this Action, and all Class Members, are bound by the

Settlement as set forth in the Stipulation and this Order.  Excluded Persons identified in

4

Exhibit 1 are no longer parties to this Action and are not bound by the Stipulation or the Settlement.

3.      The appointment of the Class Representatives is affirmed.

4.      The appointment of the Class Counsel is affirmed.

5.      Judgment shall be, and hereby is, entered dismissing the Action with prejudice, on the merits, and without taxation of costs in favor of or against any Party.

6.      The Class Representatives and Class Members, on behalf of themselves and the entities through which any of them practice dentistry, the respective heirs, executors, administrators, owners, officers, directors, members, partners, employees, agents, representatives, predecessors, successors, and assigns of any of them, and any person or entity that has or claims to have rights through the Class Representatives or Class Members (all of them are the "Plaintiffs' Releasing Parties"), are hereby conclusively deemed to have fully, finally and forever compromised, settled, released, resolved, relinquished, waived and discharged any and all claims, liabilities, demands, actions, and causes of action of every kind and nature whatsoever, whether existing or not existing, asserted or unasserted, liquidated or unliquidated, absolute or contingent, direct or derivative, in law or in equity, arising out of federal, state, foreign, or common law, including Unknown Claims, that the Plaintiffs' Releasing Parties have ever had, presently have, or may in the future have or claim to have, against Defendant 3M Company and its officers, directors, shareholders, owners, partners, employees, agents, representatives, attorneys, insurers, suppliers, distributors, employees and representatives of distributors, sellers of products, predecessors, successors, and assigns, and all affiliated, parent, and

subsidiary corporations, and all persons and entities who might have claims for

contribution of indemnity against 3M or its successors (all of them are the "Defendant's

Releasees"), by reason of any matter, event, cause or thing whatsoever arising out of,

based in whole or in part upon, relating to, or existing by reason of: (a) the placement

and/or use of Lava Ultimate Restorative for crowns, cemented with 3M ESPE cements,

3M ESPE adhesives, or otherwise, including the performance or non-performance of

such products; and (b) the facts, circumstances,  events, acts, or failures to act alleged in

the Action.  (All of the above are the "Released Plaintiffs' Claims.")

8. The Class Representatives and all Class Members are hereby barred and

permanently enjoined from instituting, asserting or prosecuting any or all of the Released

Plaintiffs' Claims against Defendant or any of the Defendant's Releasees.

8. The Plan of Distribution of the Net Settlement Fund as described in the

Notice to Class Members is hereby approved, subject to modification by further order of

this Court, which may, at the discretion of the Court, be entered without further notice to

the Class.  Any order or proceedings relating to the Plan of Distribution or amendments

thereto shall not operate to terminate or cancel the Stipulation or affect the finality of this

Order approving the Settlement.

9. The Court hereby decrees that neither the Stipulation nor this Order nor the

fact of the Settlement, nor any document referred to herein, nor any action taken to carry

out this Stipulation, is, may be construed as, or may be used as, an admission of

wrongdoing or liability by any Party, as no final adjudication of the merits has been

made.  Further, the Stipulation may not be construed as an admission by Defendant that a

**EXHIBIT B**

litigation class could or should have been certified. Pursuant to Federal Rule of Evidence 408, entering into or carrying out this Stipulation, the exhibits hereto, and any negotiations or proceedings related thereto, shall not in any event be construed as, or deemed to be evidence of, an admission or concession by any of the Parties or a waiver of any applicable statute of limitations, and shall not be offered or received into evidence in any action or proceeding against any Party in any court, administrative agency or other tribunal for any purpose whatsoever, other than to support a defense based on principles of res judicata, collateral estoppel, release, good faith settlement, judgment bar or reduction, or any other theory of claim preclusion or issue preclusion or similar defense, or to enforce the provisions of this Stipulation or the provisions of any related agreement or exhibit hereto.

10.     Class Counsel are awarded attorneys' fees in the amount of $_____, and reimbursement of Litigation Expenses in the amount of $_____.  Such amounts shall be paid from out of the Settlement Fund in accordance with the terms of the Stipulation.  The eighteen Class Representatives, collectively, are granted service awards totaling $_____.  All service awards shall be paid from out of the Settlement Fund in accordance with the terms of the Stipulation.

11.     The Court hereby directs that the Claims Administrator mail the Supplemental Notice and the Supplemental Claim Form to Class Members, in the same manner as the Notice, during the time period between June 15, 2020 and June 30, 2020.

12.     The Court hereby retains and reserves jurisdiction over: (a) implementation of this Settlement and any distributions from the Settlement Fund; (b) the Action, until

**EXHIBIT B**

the Effective Date and until each and every act agreed to be performed by the Parties shall have been performed pursuant to the terms and conditions of the Stipulation, including the exhibits appended thereto; and (c) all Parties, for the purpose of enforcing and administering the Stipulation and the Settlement.

13.     There being no just reason for delay, the Clerk of Court is hereby directed to enter final judgment forthwith pursuant to Rule 54(b) of the Federal Rules of Civil Procedure.

14.     In the event that the judgment does not become Final in accordance with ¶IV(A)(19) of the Stipulation, then the final judgment shall be rendered null and void to the extent provided by and in accordance with the Stipulation, and this Order shall be vacated.  In such event, all orders entered and releases delivered in connection with the Settlement shall be null and void, and the Action shall return to its status immediately prior to execution of the Stipulation.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

Date: _____, 2019.

_____
Donovan W. Frank
United States District Judge