## UNITED STATES DISTRICT COURT
## DISTRICT OF MINNESOTA

| | |
|---|---|
| Vikram Bhatia, D.D.S., et al., on behalf of themselves and all others similarly situated,<br><br>    Plaintiffs,<br><br>v.<br><br>3M Company,<br><br>    Defendants. | Civil No. 16-1304 (DWF/DTS)<br><br>**ORDER PRELIMINARILY<br>APPROVING SETTLEMENT** |

  **WHEREAS**, Plaintiffs in the above-described class action ("Action") have applied for an order, pursuant to Rule 23(e) of the Federal Rules of Civil Procedure, regarding certain matters in connection with a proposed settlement of the Action, in accordance with a Stipulation of Settlement (the "Stipulation" or "Settlement") entered into by the Parties as of March 25, 2019 (which, together with its exhibits, is incorporated herein by reference) and dismissing the Action upon the terms and conditions set forth in the Stipulation;

  **WHEREAS,** all defined terms used in this Order have the same meanings as set forth in the Stipulation;

  **NOW, THEREFORE**, pursuant to Rule 23(e) of the Federal Rules of Civil Procedure, upon the agreement of the Parties, and after consideration of the Stipulation and its exhibits,

**IT IS HEREBY ORDERED** that:

1. The representations, agreements, terms, and conditions of the Settlement, as embodied in the Stipulation and the exhibits attached thereto, are preliminarily approved pending a final hearing on the Settlement as provided herein.

2. For purposes of the Settlement only, the Court finds and determines that the Action may proceed as a class action pursuant to Rules 23(a) and 23(b)(3) of the Federal Rules of Civil Procedure, on behalf of a class consisting of all dentists or dental practices in the United States, Commonwealth of Puerto Rico, U.S. Virgin Islands, and Guam who purchased 3M's Lava Ultimate Restorative, applied the product as a dental crown, and had patients who experienced one or more full or partial debonds on or before June 15, 2020, excluding any dentists and dental practices (a) who submit a valid and timely request for exclusion pursuant to the Notice required by this Order, or (b) who released their claims against Defendant in connection with private individual settlements. All of the above are the "Class."

3. For purposes of the Settlement only, the Court finds and determines, pursuant to Rule 23(a) of the Federal Rules of Civil Procedure, that Angela Ferrari, D.D.S., Angela M. Ferrari, D.D.S., Inc., Edward Shapiro, D.D.S., Pacific Holistic Dental, Inc., Jerry Yu, D.D.S., Jerry Yu Dental Corp. d/b/a Grand Avenue Smiles, James Lewis D.M.D., James C. Lewis, D.M.D., P.A., Lazaro Fernandez, D.D.S., Lazaro Fernandez, D.D.S., P.A., d/b/a Fernandez Dental Center-Miami Lakes Fernandez Dental Office, Vikram Bhatia, D.D.S., Jeffrey Chen, D.D.S., Brookhaven Dental Associates, P.C., Johns Creek Dental Associates, P.C., Justin Ebersole, D.D.S., Parsons Dental Care, LLC, Mike

Henrickson, D.D.S., Dr. Myron Henrickson, Henrickson Dental PLC, Mary Gadbois, D.D.S., Cherry Hill Dental Associates, Inc., Dominick Lembo, D.M.D., Dr. Dominick Lembo, D.M.D., P.C. d/b/a Belmont Dental Associates, Jonathan Banker, D.D.S., Banker Dental Associates, P.A., Dr. Timothy Rauch, D.D.S., Desert Ridge Dental, Anthony J. Peppy D.D.S., Samuel Peppy D.D.S., Peppy Dental, Paul Bookman, D.M.D., Bryn Mawr Dental Associates, LTD, David Dudzinski, D.D.S, D&N Dental PLLC d/b/a Creekview Dental, Bruce Sherrill, D.D.S., Brent Robinson D.D.S., Robinson Dental P.S., Sean Couch D.D.S., and Sean M. Couch D.D.S. P.S. d/b/a Kingston Dental ("Class Representatives") will fairly and adequately represent the interests of the Class in enforcing their rights in the Action, and appoints them as Class Representatives.

4. For purposes of the Settlement, the Court appoints Daniel C. Hedlund of Gustafson Gluek PLLC and Warren T. Burns of Burns Charest LLP as Class Counsel to act on behalf of the Class and the Class Representatives with respect to the Settlement. The Court authorizes Class Counsel to enter into the Stipulation on behalf of the Class Representatives and the Class, and to bind them all to the duties and obligations contained therein, subject to final approval by the Court of the Settlement.

5. The firm of BrownGreer PLC is appointed as Claims Administrator to administer the notice procedure and the processing of claims, under the supervision of Class Counsel.

6. Having reviewed the proposed forms submitted by the Parties for a Notice of Class Action Determination, Proposed Settlement, and Hearing Thereon ("Notice") (Exhibit A-1 to the Stipulation), Supplemental Notice (Exhibit A-2 to the Stipulation),

3

Claim Form (Exhibit A-3 to the Stipulation), and Supplemental Claim Form (Exhibit A-4 to the Stipulation), the Court approves, as to form and content, such Notice, Claim Form, Supplemental Notice, and Supplemental Claim Form.

7.  The Court directs that the Claims Administrator cause copies of the Notice and the Claim Form to be mailed to all members of the Class who can be identified through Defendant's records.  The mailing is to be made by first class United States mail, postage prepaid, within thirty (30) calendar days of entry of this Order. Contemporaneously with the mailing, the Claims Administrator shall cause copies of the Stipulation, Notice, Claim Form, and Plan of Distribution that is Exhibit A-5 to the Stipulation, in forms available for download, to be posted on a website developed for the Settlement.

8.  The Court finds and determines that (a) mailing of the Notice and Claim Form, and (b) provision of the Stipulation, Notice, Claim Form, and Plan of Distribution on the website for the Settlement, all pursuant to this Order, constitute the best notice practicable under the circumstances, constitute due and sufficient notice of the matters set forth in the notices to all persons entitled to receive such notices, and fully satisfies the requirements of due process, Rule 23 of the Federal Rules of Civil Procedure, and all other applicable law and rules.

9.  Any person or entity falling within the definition of the Class may, upon request, be excluded or "opt out" from the Class.  Any such person or entity who desires to request exclusion from the Class must submit a written request for exclusion.  Such a request for exclusion must state the name and address of the person or entity requesting

exclusion; be signed by the person requesting exclusion, or by an authorized representative of the entity requesting exclusion and be mailed to the Claims Administrator such that it is postmarked at least twenty-one (21) calendar days prior to the Fairness Hearing.  All persons and entities who submit valid and timely requests for exclusion as set forth in this Order and the Notice shall have no rights under the Settlement, shall not share in the distribution of the Settlement Fund, and shall not be bound by the Settlement or any final judgment entered in this Action.

10. A hearing will be held by this Court in the Courtroom of The Honorable Donovan W. Frank, United States District Court for the District of Minnesota, in Courtroom 7C of the Warren E. Burger Federal Building, 316 N. Robert Street, St. Paul, Minnesota 55101, at 1:30 p.m. on September 4, 2019 ("Fairness Hearing"), to determine: (a) whether the Settlement should be approved as fair, reasonable, and adequate to the Class; (b) whether the Final Judgment Order should be entered in substance materially the same as Exhibit B to the Stipulation; (c) whether the proposed Plan of Distribution should be approved as fair, reasonable, and adequate to the Class; (d) whether to approve the application of Class Counsel for an award of attorney fees and Litigation Expenses, including service awards to the Class Representatives ("Fee and Expense Application"); and (e) any other matters that may properly be brought before the Court in connection with the Settlement.  The Fairness Hearing is subject to continuation or adjournment by the Court without further notice to the Class.  The Court may approve the Settlement with such modifications as the Parties may agree to, if appropriate, without further notice to the Class.

11. At least seven (7) calendar days prior to the Fairness Hearing, Class Counsel shall cause an affidavit or declaration to be filed with the Court certifying that the Notice has been provided as directed in ¶¶ 6 and 7 of this Order.

12. Any Class Member may enter an appearance in the Action, at their own expense, individually or through counsel of their own choice. If a Class Member does not enter an appearance, they will be represented by Class Counsel.

13. Any Class Member who wishes to object to the Settlement, the Plan of Distribution, and/or the Fee and Expense Application, or to appear at the Fairness Hearing and show cause, if any, why the Settlement should not be approved as fair, reasonable, and adequate to the Class, why a final judgment should not be entered thereon, why the Plan of Distribution should not be approved, or why the Fee and Expense Application should not be granted, may do so, but must proceed as set forth in this paragraph. No Class Member or other person will be heard on such matters unless they have submitted the objection, together with any briefs, papers, statements, or other materials the Class Member or other person wishes the Court to consider, at least twenty-one (21) calendar days prior to the Fairness Hearing as set forth in the Notice. Any objection: (a) must state the name, address and telephone number of the person or entity objecting and, if not filed by counsel, be signed by the objector; (b) must contain the specific reasons for each objection, including any legal and evidentiary support that the Class Member wishes to bring to the Court's attention; and (c) must include documents sufficient to prove membership in the Class. An objecting Class Member who

intends to appear in person at the Fairness Hearing must include a statement in their objection indicating their intention to appear at the Fairness Hearing.

14.     Any Class Member who does not make their objections in the manner and by the date set forth in ¶13 of this Order shall be deemed to have waived any objections, and shall be forever barred from raising such objections in this or any other action or proceeding, absent further order of the Court.

15.     All Class Members who had patients who experienced any full or partial debond of a Lava Ultimate crown on or before June 15, 2020 shall be entitled to share in the Settlement Fund.  Any Class Member who wishes to obtain a payment from the Settlement Fund must submit a Claim Form during the Claim Period and/or a Supplemental Claim Form during the Supplemental Claim Period.  Such Class Member must:  (a) fully complete and sign the Claim Form and/or Supplemental Claim Form without material deletions or modifications of any printed text, and under penalty of perjury; (b) append to the Claim Form and/or Supplemental Claim Form adequate supporting documentation as specified in the respective form; (c) if the person executing the form is acting in a representative capacity, append a certification of his or her current authority to act on behalf of the Class Member; (d) for claims based upon full or partial debonds of Lava Ultimate crowns that the Class Member repaired or paid to have repaired during the Claim Period, submit a Claim Form to the Claims Administrator so that it is postmarked, or submitted electronically, no later than ninety (90) calendar days after the Bar Date; and (e) for claims based upon full or partial debonds of Lava Ultimate crowns that the Class Member repaired or paid to have repaired during the Supplemental

7

Claim Period, submit a Supplemental Claim Form to the Claims Administrator so that it is postmarked, or submitted electronically, after June 15, 2020 and by September 15, 2020.  Any Class Member who does not submit a timely Claim Form or Supplemental Claim Form in accordance with these instructions shall be barred from receiving any payment from the Settlement Fund.  The Claims Administrator, in consultation with Class Counsel and Defendant's counsel, shall have the discretion, but not the obligation, to accept late-submitted forms for processing by the Claims Administrator, so long as distributions of the Net Settlement Fund to Class Members are not materially delayed thereby.  No person shall have any claim against the Claims Administrator, Class Counsel, or Defendant's counsel, by reason of the decision to exercise discretion whether to accept late-submitted Claim Forms and/or Supplemental Claim Forms.

16. Upon the entry of the Court's order for final judgment after the Fairness Hearing, the Class Representatives and all Class Members shall be permanently enjoined and barred from asserting any claims (except through the Claim procedures) against Defendant and Defendant's Releasees arising from Released Plaintiffs' Claims, and the Class Representatives and all Class Members conclusively shall be deemed to have fully, finally, and forever released any and all such Released Plaintiffs' Claims.

17. Upon the Effective Date of the final judgment contemplated by ¶IV(C) of the Stipulation, only persons and entities who are Class Members shall have rights in the distribution of the Settlement Fund created by the Settlement, except as provided in the Stipulation.

18. All funds held by the Escrow Agent shall be deemed and considered to be *in custodia legis* of the Court, and shall remain subject to the jurisdiction of the Court until such time as the funds are distributed pursuant to the Stipulation or further order of the Court.

19. All opening briefs and supporting documents in support of a request for final approval of the Settlement, the Plan of Distribution, and the Fee and Expense Application, must be filed and served at least thirty-five (35) calendar days prior to the Fairness Hearing. Any reply papers must be filed and served no later than seven (7) calendar days prior to the Fairness Hearing.

20. The Court reserves the right to adjourn or continue the Fairness Hearing, and any adjournment or continuance may be without further notice of any kind to the Class, other than oral announcement at the Fairness Hearing or at any later hearing.

Dated: April 10, 2019         s/Donovan W. Frank
                              DONOVAN W. FRANK
                              United States District Judge