# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

Vikram Bhatia, D.D.S., et al., on behalf of themselves and all others similarly situated,

          Plaintiffs,

v.

3M Company,

          Defendant.

Civil No. 16-1304 (DWF/DTS)

**ORDER FOR FINAL JUDGMENT**

**WHEREAS**, the Parties to the above-described class action (the "Action") entered into a Stipulation of Settlement dated as of March 25, 2019 (the "Stipulation" or "Settlement"); and

**WHEREAS**, on April 10, 2019, the Court entered an Order Preliminarily Approving Settlement, which, inter alia; (i) preliminarily approved the Settlement; (ii) determined that, for purposes of the settlement only, the Action should proceed as a class action pursuant to Rules 23(a) and 23(b)(3) of the Federal Rules of Civil Procedure, on behalf of a class consisting of all dentists or dental practices in the United States, Commonwealth of Puerto Rico, U.S. Virgin Islands, and Guam who purchased 3M's Lava Ultimate Restorative, applied the product as a dental crown, and had patients who experienced one or more full or partial debonds on or before June 15, 2020, excluding persons and entities who submitted valid and timely requests for exclusion pursuant to the Notice ordered by the Court and persons and entities who released their claims

against Defendant in connection with private individual settlements ("Class");

(iii) appointed Angela Ferrari, D.D.S., Angela M. Ferrari, D.D.S., Inc., Edward Shapiro, D.D.S., Pacific Holistic Dental, Inc., Jerry Yu, D.D.S., Jerry Yu Dental Corp. d/b/a Grand Avenue Smiles, James Lewis D.M.D., James C. Lewis, D.M.D., P.A., Lazaro Fernandez, D.D.S., Lazaro Fernandez, D.D.S., P.A., d/b/a Fernandez Dental Center-Miami Lakes Fernandez Dental Office, Vikram Bhatia, D.D.S., Jeffrey Chen, D.D.S., Brookhaven Dental Associates, P.C., Johns Creek Dental Associates, P.C., Justin Ebersole, D.D.S., Parsons Dental Care, LLC, Mike Henrickson, D.D.S., Dr. Myron Henrickson, Henrickson Dental PLC, Mary Gadbois, D.D.S., Cherry Hill Dental Associates, Inc., Dominick Lembo, D.M.D., Dr. Dominick Lembo, D.M.D., P.C. d/b/a Belmont Dental Associates, Jonathan Banker, D.D.S., Banker Dental Associates, P.A., Dr. Timothy Rauch, D.D.S., Desert Ridge Dental, Anthony J. Peppy D.D.S., Samuel Peppy D.D.S., Peppy Dental, Paul Bookman, D.M.D., Bryn Mawr Dental Associates, LTD, David Dudzinski, D.D.S, D&N Dental PLLC d/b/a Creekview Dental, Bruce Sherrill, D.D.S., Brent Robinson D.D.S., Robinson Dental P.S., Sean Couch D.D.S., and Sean M. Couch D.D.S. P.S. d/b/a Kingston Dental as Class Representatives; (iv) appointed Daniel C. Hedlund of Gustafson Gluek PLLC and Warren T. Burns of Burns Charest LLP as Class Counsel; (v) approved the form and manner of notice of the Settlement to members of the Class ("Class Members"); (vi) directed that appropriate notice of the Settlement be given to the Class; and (vii) set a hearing date to consider final approval of the Settlement; and

**WHEREAS**, notice of the Settlement was provided to Class Members in accordance with the Court's Preliminary Approval Order, including by individual mailed Notice to all Class Members who were identified through Defendant's records; and

**WHEREAS**, a notice of the Settlement was mailed to government officials as described in 28 U.S.C. § 1715; and

**WHEREAS**, on September 4, 2019, at 1:30 p.m., at the United States District Court for the District of Minnesota, Courtroom 7C, Warren E. Burger Federal Building, 316 N. Robert Street, St. Paul, Minnesota 55101, The Honorable Donovan W. Frank held a hearing to determine whether the Settlement was fair, reasonable, and adequate to the Class ("Fairness Hearing"); and

**WHEREAS**, based on the foregoing, having considered the papers filed and proceedings held in connection with the Settlement, having considered all of the other files, records, and proceedings in the Action, and being otherwise fully advised,

**THE COURT HEREBY FINDS AND CONCLUDES** that:

A. This Court has jurisdiction over the subject matter of the Action and over all Parties to the Action, including all Class Members.

B. This Order incorporates the definitions in the Stipulation, and all terms used in the Order have the same meanings as set forth in the Stipulation, unless otherwise defined herein.

C. The Notice given to the Class in accordance with the Preliminary Approval Order was the best notice practicable under the circumstances of this Action, and constituted due and sufficient notice of the proceedings and matters set forth therein,

including of the Settlement, to all persons entitled to notice. The notice fully satisfied the requirements of due process, Rule 23 of the Federal Rules of Civil Procedure, and all other applicable law and rules.

D. The notice to government officials, as given, complied with 28 U.S.C. § 1715.

E. The Settlement set forth in the Stipulation (i) is in all respects fair, reasonable, and adequate to the Class, (ii) was the product of informed, arms'-length negotiations among competent, able counsel, and (iii) was made based upon a record that is sufficiently developed and complete to have enabled the Class Representatives and Defendant to adequately evaluate and consider their positions.

F. The Plan of Distribution proposed by the Parties is fair, reasonable, and adequate.

G. The Class Representatives have fairly and adequately represented the interests of Class Members in connection with the Settlement.

H. The persons and entities who have timely and validly filed requests for exclusion from the Class are identified in Exhibit 1 attached hereto ("Excluded Persons").

I. The persons and entities who filed claims after the expiration of the initial claim period, whose claims shall nonetheless be deemed timely are identified in Exhibit 2 attached hereto ("Late Filed Claims").

J. The Class Representatives and the Class Members, each and all of them, are hereby bound by the terms of the Settlement set forth in the Stipulation.

**NOW, THEREFORE, IT IS HEREBY ORDERED AND ADJUDGED** that:

1. The Settlement set forth in the Stipulation of Settlement is fair, reasonable and adequate to the Class. Accordingly, the Court authorizes and directs implementation of all terms and provisions of the Stipulation.

2. All Parties to this Action, and all Class Members, are bound by the Settlement as set forth in the Stipulation and this Order. Excluded Persons identified in Exhibit 1 are no longer parties to this Action and are not bound by the Stipulation or the Settlement.

3. The appointment of the Class Representatives is affirmed.

4. The appointment of the Class Counsel is affirmed.

5. Judgment shall be, and hereby is, entered dismissing the Action with prejudice, on the merits, and without taxation of costs in favor of or against any Party.

6. The Class Representatives and Class Members, on behalf of themselves and the entities through which any of them practice dentistry, the respective heirs, executors, administrators, owners, officers, directors, members, partners, employees, agents, representatives, predecessors, successors, and assigns of any of them, and any person or entity that has or claims to have rights through the Class Representatives or Class Members (all of them are the "Plaintiffs' Releasing Parties"), are hereby conclusively deemed to have fully, finally and forever compromised, settled, released, resolved, relinquished, waived and discharged any and all claims, liabilities, demands, actions, and causes of action of every kind and nature whatsoever, whether existing or not existing,

asserted or unasserted, liquidated or unliquidated, absolute or contingent, direct or derivative, in law or in equity, arising out of federal, state, foreign, or common law, including Unknown Claims, that the Plaintiffs' Releasing Parties have ever had, presently have, or may in the future have or claim to have, against Defendant 3M Company and its officers, directors, shareholders, owners, partners, employees, agents, representatives, attorneys, insurers, suppliers, distributors, employees and representatives of distributors, sellers of products, predecessors, successors, and assigns, and all affiliated, parent, and subsidiary corporations, and all persons and entities who might have claims for contribution of indemnity against 3M or its successors (all of them are the "Defendant's Releasees"), by reason of any matter, event, cause or thing whatsoever arising out of, based in whole or in part upon, relating to, or existing by reason of: (a) the placement and/or use of Lava Ultimate Restorative for crowns, cemented with 3M ESPE cements, 3M ESPE adhesives, or otherwise, including the performance or non-performance of such products; and (b) the facts, circumstances, events, acts, or failures to act alleged in the Action. (All of the above are the "Released Plaintiffs' Claims.")

7. The Class Representatives and all Class Members are hereby barred and permanently enjoined from instituting, asserting or prosecuting any or all of the Released Plaintiffs' Claims against Defendant or any of the Defendant's Releasees.

8. The Plan of Distribution of the Net Settlement Fund as described in the Notice to Class Members is hereby approved, subject to modification by further order of this Court, which may, at the discretion of the Court, be entered without further notice to the Class. Any order or proceedings relating to the Plan of Distribution or amendments

thereto shall not operate to terminate or cancel the Stipulation or affect the finality of this Order approving the Settlement.

9. The Court hereby decrees that neither the Stipulation nor this Order nor the fact of the Settlement, nor any document referred to herein, nor any action taken to carry out this Stipulation, is, may be construed as, or may be used as, an admission of wrongdoing or liability by any Party, as no final adjudication of the merits has been made. Further, the Stipulation may not be construed as an admission by Defendant that a litigation class could or should have been certified. Pursuant to Federal Rule of Evidence 408, entering into or carrying out this Stipulation, the exhibits hereto, and any negotiations or proceedings related thereto, shall not in any event be construed as, or deemed to be evidence of, an admission or concession by any of the Parties or a waiver of any applicable statute of limitations, and shall not be offered or received into evidence in any action or proceeding against any Party in any court, administrative agency or other tribunal for any purpose whatsoever, other than to support a defense based on principles of res judicata, collateral estoppel, release, good faith settlement, judgment bar or reduction, or any other theory of claim preclusion or issue preclusion or similar defense, or to enforce the provisions of this Stipulation or the provisions of any related agreement or exhibit hereto.

10. Class Counsel are awarded attorneys' fees in the amount of $10,725,000.00, and reimbursement of Litigation Expenses in the amount of $120,009.54. Such amounts shall be paid from out of the Settlement Fund in accordance with the terms of the Stipulation. Class Representatives Angela Ferrari, D.D.S. and

Dominick Lembo, D.M.D. are granted service awards of $25,000.00 each, and the remaining sixteen Class Representatives are granted service awards of $10,000.00 each. All service awards shall be paid from out of the Settlement Fund in accordance with the terms of the Stipulation.

11. The Court hereby directs that the Claims Administrator mail the Supplemental Notice and the Supplemental Claim Form to Class Members, in the same manner as the Notice, during the time period between June 15, 2020 and June 30, 2020.

12. The Court hereby retains and reserves jurisdiction over: (a) implementation of this Settlement and any distributions from the Settlement Fund; (b) the Action, until the Effective Date and until each and every act agreed to be performed by the Parties shall have been performed pursuant to the terms and conditions of the Stipulation, including the exhibits appended thereto; and (c) all Parties, for the purpose of enforcing and administering the Stipulation and the Settlement.

13. There being no just reason for delay, the Clerk of Court is hereby directed to enter final judgment forthwith pursuant to Rule 54(b) of the Federal Rules of Civil Procedure.

14. In the event that the judgment does not become Final in accordance with ¶IV(A)(19) of the Stipulation, then the final judgment shall be rendered null and void to the extent provided by and in accordance with the Stipulation, and this Order shall be vacated. In such event, all orders entered and releases delivered in connection with the Settlement shall be null and void, and the Action shall return to its status immediately prior to execution of the Stipulation.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

Dated:  September 11, 2019         s/Donovan W. Frank
                                   DONOVAN W. FRANK
                                   United States District Judge