# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

| | |
|---|---|
| Vikram Bhatia, D.D.S., et al., on behalf of themselves and all others similarly situated,<br><br>　　　　Plaintiffs,<br><br>v.<br><br>3M Company,<br><br>　　　　Defendant. | Case No. 0:16-cv-01304-DWF-DTS<br><br>**MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFFS' MOTION FOR FOURTH DISBURSEMENT OF SETTLEMENT FUNDS TO CLAIMANTS, PAYMENT OF FEES AND EXPENSES FOR THE CLAIMS ADMINISTRATOR, AND PROPOSAL FOR DISTRIBUTION OF REMAINING FUNDS** |

## INTRODUCTION

Plaintiffs' Lead Counsel moves the Court to approve the following relief:

(1)　　Approve the recommended awards and to order a fourth disbursement of the Settlement Fund to certain dentists who have submitted Fixed-Amount Claims;

(2)　　Approve the past, current, and future fees and costs of the Court-Appointed Claims Administrator, BrownGreer, and;

(3)　　Approve the distribution of the remainder of the settlement fund to claimants who submitted Fixed-Amount Claims during one or both of the claim periods.

The Settlement Counsel Review Committee ("SCRC") and BrownGreer have completed their review of all claims submitted during the Initial Claim Period and Supplemental Claim Period. There remain 70 dentists that the SCRC and BrownGreer recommend receive a full or partial award of the reimbursement sought. The specific

1

amounts for disbursement are set forth in the list of "3M Lava Ultimate Eligible Fixed Amount Claims – Supplemental Claim Period," attached as Exhibit A to the Declaration of Justin L. Wind ("Wind Dec."). In addition, the SCRC and BrownGreer have completed their review of the responses to the award letters issued following the Court's Order Granting Plaintiffs' Motion for Third Disbursement of Settlement Funds to Claimants (Doc. No. 189) and determined that two claimants who were initially recommended partial awards should receive full awards. The specific amounts for disbursement are set forth in the list of "3M Lava Ultimate Eligible Claims Previously Approved," attached as Exhibit B to the Wind Dec.

3M takes no position on Plaintiffs' motion to distribute funds to class members.

## FACTUAL AND PROCEDURAL BACKGROUND

Pursuant to the Plan of Distribution, there were two claim periods: 1) the initial "Claim Period" covering debonds repaired on or before May 10, 2019, and 2) the "Supplemental Claim Period", as amended, covering claims accrued between May 10, 2019, and on or before September 7, 2020. Doc. No. 131-1; Doc No. 169. Each Class Member could claim either a Fixed Amount, a Documented Amount, or a combination of both. Wind Dec. ¶ 3. Regardless of documentation shown, a valid Documented Amount claim would not receive less than $250.00.

On June 23, 2020, the Court granted Plaintiffs' first Motion for Early Disbursement of Settlement Funds to Some Claimants, Acceptance and Timely Certain Claims Filed After the Deadline, and for Extension of the Supplemental Claim Period, authorizing the

disbursement of $4,278,500.00 to pay the 249 approved Fixed Amount Claims. Doc No. 169. All checks have been cashed by those claimants.

For the claims requiring additional review, BrownGreer, Lead Counsel, and 3M developed a list of considerations to ensure that claimants are being appropriately compensated for debonds that are compensable under the settlement. Wind Dec. ¶ 4. Beginning in August 2020, the Claims Administrator sent communications and conducted a calling campaign to Claimants that warranted further review under these criteria seeking an explanation, further supporting materials, or both. After receiving responses to these communications and the calling campaign, Plaintiffs filed a second motion.

On February 9, 2021, the Court granted Plaintiffs' Motion for Second Disbursement of Settlement Funds to Claimants, approving disbursement of $3,689,553.52 to Fixed Amount Claimants, Documented Claimants, and Mixed Claimants. Doc No. 180. This included $2,086,000 to pay Fixed Claim Class Members, $502,449.72 to pay Documented Claim Class Members, and $1,101,103.80 to pay Documented Claim Class Members eligible to receive at least 90% of their requested amounts. All checks have been cashed by those claimants.

Following completion of the SCRC's review of all remaining claims submitted during the Initial Claim Period and most claims submitted during the Supplemental Claim Period, Plaintiffs filed a Motion for Third Disbursement of Settlement Funds to Claimants. The Court granted Plaintiffs' motion on September 9, 2021, approving disbursement of $1,936,993.25 to Initial Claim Period Class Members that submitted Fixed-Amount, Documented-Amount, and Mixed claims; $122,060.00 to Supplemental Claim Period

3

Class Members that submitted Documented and Mixed claims; and $947,104.45 to Class Members that submitted Documented and Mixed claims during both the Initial Claim Period and Supplemental Claim Period. Doc. No. 189. Checks were mailed to these claimants, and all but two have been cashed.[1]

## REMAINING CLAIMS

Award Letter Responses

In September 2021, the Court Granted Plaintiffs' Motion for Third Disbursement of Settlement Funds to Claimants. Doc. No. 189. BrownGreer, at the recommendation of the SCRC, notified these claimants whose claims were denied in whole or in part of the determinations. Pursuant to the Court's order, claimants had the option of submitting additional verification within 20 days of the date of the recommendation, in which case their claim would be reviewed again. Two claimants, Confirmation ID 847806405 and Confirmation ID 470147673, submitted supporting documentation.

The first Claimant – Confirmation ID 847806405 – submitted a Mixed Claim for 237 Fixed Debonds and 30 Documented Debonds, totaling $108,700.00. The SCRC initially recommended, and the Court approved, an award of $91,050.00. This claimant submitted supporting documentation including patient progress notes and financial disclosure estimates and, upon review, the SCRC recommends this claimant receive the full award of $108,700.00.

---

[1] Upon receipt of their award letters, two claimants whose claims were partially approved in the Third Motion provided supplemental documentation supporting their claims. As outlined below, following a review of this supporting documentation, the SCRC and BrownGreer recommend that these two claimants be awarded in full.

The second Claimant – Confirmation ID 470147673 – submitted a Documented Only claim for 43 Documented Debonds, totaling $31,175.00. The SCRC initially recommended, and the Court approved, an award of $27,550.00. This claimant submitted supporting documentation including patient progress notes and treatment records and, upon review, the SCRC recommends this claimants receive the full award of $31,175.00.

Following review of this supporting documentation, the SCRC and BrownGreer recommend both of these claimants be paid now and in full, representing $139,875.00 of the Settlement Fund.

Supplemental Claim Period

BrownGreer, with assistance from Lead Counsel, reviewed the Fixed Amount claims submitted during the Supplemental Claim Period and determined that 62 of the 93 Fixed Amount claims can be paid immediately and without further review. Those 62 claims sought compensation for 2,283 debonds and represents $570,750.00 of the Settlement Fund.

BrownGreer, Lead Counsel, and 3M collectively developed a list of considerations to ensure that claimants are being appropriately compensated for debonds that are compensable under the settlement. The remaining Fixed Amount Claims were subject to further review for five different reasons:

1. Claims with purchase numbers that are materially higher than the purchase information indicated by the class data (i.e., distributor information and 3M's return data);
2. Claimants who asserted they repaired more crown than they claimed to have seated;

5

3. Claimants with excessively high debond rates;

4. Claimants that previously signed a release with 3M making them ineligible to participate in this settlement; and

5. Claimants who cannot demonstrate class membership.

Wind Dec. ¶ 4.

In December 2021, the Claims Administrator sent communications to Claimants that warranted further review under these criteria seeking explanation and/or further supporting materials. The Claims Administrator, with assistance from the SCRC, reviewed the responses to these communications and determined that 23 claimants should be denied in whole, two claimants are entitled to a full award, and six claimants are entitled to a partial award. The two claimants entitled to a full award provided supporting documentation or explanations demonstrating entitlement to a full award, and represent $26,000.00 of the Settlement Fund. The six claimants entitled to a partial award did not provide documentation or explanation to support a full award. As such, the SCRC recommends partial awards for these six claimants, representing $130,500.00 of the Settlement Fund. Accordingly, Lead Counsel requests authorization to pay a total of $727,250.00 to these fixed claimants at this time.

## **REMAINING SETTLEMENT FUNDS**

Upon approval from the Court, BrownGreer will issue payments to eligible Fixed Amount Claimants outlined in Exhibit A to the Wind Dec. BrownGreer has served as the Claims Administrator and, in connection with providing notice to the Class and administering the Settlement, has accrued a total of $647,060.11 in future fees and

expenses. BrownGreer has done exceptional work in noticing and administering this settlement. Accordingly, Lead Counsel requests authorization to pay a total of $647,060.11 to BrownGreer at this time.

Following distribution of these funds, $9,155,805.22 will remain in the escrow account. Pursuant to the Plan of Distribution ¶ 13 (Doc. No. 131-1),[2] Class Counsel proposes these remaining funds be divided and distributed to all claimants who submitted Fixed-Amount Claims. These claimants will receive additional awards based on the number of debonds they were awarded, not the amount they submitted. Fixed Amount claimants were awarded $250 per debond whereas claimants who submitted Documented-Amount claims and necessary supporting documentation could and were often provided a higher per debond amount—and oftentimes received the full amount of compensation requested per debond. Among the 462 claimants who submitted Fixed Amount Claims during the Initial Claim Period, Supplemental Claim Period, or both, the SCRC, with assistance from BrownGreer and approval from Your Honor, awarded 33,303 Fixed-Amount debonds. Dividing the remaining settlement fund of $9,155,805.22 by these 33,303 debonds equates to an additional $274.92 per debond. This means each fixed claim will have ultimately receive over $500 per debond. The specific amounts for disbursement

---

[2] "If monies remain in the Net Settlement Fund after Distribution 2 ("Remaining Funds") from lack of claims or uncashed checks, Class Counsel will make a proposal to the Court for what to do with Remaining Funds, with the priority focused on additional distributions to Class Members if it is cost-effective to do so."

are set forth in the list of "3M Lava Ultimate Eligible Fixed Amount Claims – Supplemental Claim Period," attached as Exhibit A to the Declaration of Daniel C. Hedlund ("Hedlund Dec."). Accordingly, Lead Counsel requests authorization to pay a total of $9,155,805.22 to these 462 Fixed-Amount and Mixed-Amount claimants at this time.

## **CONCLUSION**

Lead Counsel respectfully moves the Court to authorize BrownGreer to disburse $727,250.00 to the claimants who submitted Fixed-Only claims during the Supplemental Claim Period and $139,875.00, full awards, to the claimants who were previously approved for partial awards. Additionally, Plaintiffs' Lead Counsel moves the Court to authorize BrownGreer to disburse $647,060.11 to itself for its current and future fees and expenses in connection with this litigation. Finally, Plaintiffs' Lead Counsel moves the Court to authorize BrownGreer to disburse $9,155,805.22, the remaining funds of this settlement, on a pro rata basis to those claimants who submitted and were approved for Fixed-Amount claims during this Claims Review process.

Dated: June 2, 2022  Respectfully submitted,

*/s/ Daniel C. Hedlund*
Daniel C. Hedlund (#258337)
**GUSTAFSON GLUEK PLLC**
Canadian Pacific Plaza
120 South 6th Street, Suite 2600
Minneapolis, MN 55402
Telephone: (612) 333-8844
Facsimile: (612) 339-6622
E-mail: dhedlund@gustafsongluek.com

Warren T. Burns (*Admitted Pro Hac Vice*)
(TX State Bar No. 24053119)
**BURNS CHAREST LLP**
900 Jackson Street, Suite 500
Dallas, TX 75202
Telephone: (469) 904-4550
Facsimile: (469) 444-5002
E-mail:    wburns@burnscharest.com

*Plaintiffs' Co-Lead Counsel*